Haywood's Executors *vs.* Chestney.

A *plea in abatement* praying judgment of the *writ* and declaration, where the suit is commenced by bill, is bad; it should pay judgment of the *bill* and declaration.

Such plea must be pleaded in precise technical form; it is not enough that matter in abatement is contained in it.

Error from the Saratoga common pleas. Chestney commenced his suit in the common pleas against J. C. Halsey and H. Trowbridge, and declared against them as *executors*, &c. of *William Haywood*, deceased, in an action of *assumpsit*, laying the indebtedness by the testator—in one count charging the *promise* by him during his lifetime, and in other counts by the defendants. Halsey, who alone was served with process, appeared and put in a plea in *abatement*, stating that he and Trowbridge were executors of the last will, &c. of *William Haywood*, deceased, and had been so called and known ever since the death of the said William, and *traversing* the fact that they had ever been called or known by the names of J. C. Halsey and H. Trowbridge, executors, &c. of *William Haywood*, deceased; wherefore he *prayed judgment of the said writ and declaration* thereon founded, and that the same might be quashed, &c. The plaintiff *demurred*, assigning, for special cause, that the plea prayed judgment of the *writ* and declaration, instead of the *bill* and declaration. The common pleas sustained the demurrer, and after an assessment of damages, rendered judgment for the plaintiff. The defendants sued out a writ of error.

*W. L. F. Warren*, for the plaintiffs in error.

*J. Ellsworth*, for the defendant in error.

*By the Court*, Sutherland, J. The utmost strictness is required in pleas in abatement. They are dilatory pleas, and looked upon with suspicion. They will not be sustained by any intendment in their favor. Thus, in *Hixon* v. *Binns*, 3

NEW YORK,
May, 1335.

*T. R.* 185, a plea of misnomer in abatement was held bad on special demurrer, for concluding with a prayer *that the bill might be quashed* instead of *praying judgment of the bill.* It is not enough that matter in abatement is contained in the plea, unless it be pleaded in precise technical form. 2 *Saunders,* 209, *b.* The opinion of Lord Ellenborough is strong upon that point in *The King* v. *Shakspeare,* 10 *East,* 87 ; though that being a criminal case, he yielded his own opinion to the authority of *The King* v. *Westby,* cited in a note to that case. It is the beginning and conclusion that distinguishes a plea in abatement. 6 *Taunt.* 587. 10 *Johns. R.* 49. *Graham's Pr.* 192. 1 *Chitty's Pl.* 445, 6. A plea in abatement can pray judgment of *the writ* only where the action is brought by *original.* 2 *Saund.* 209, *d. note.* 5 *Mod.* 132. If the action be by *bill,* the plea must pray judgment *of the bill. Lee* v. *Barnes,* 5 *Mod.* 144, 145. Where it is commenced by plaint, of the plaint and declaration, *Jacob's Law. Dict., tit. Plaint.* This is a strict and technical objection, and would be sustained in a case like this, of a suspicious, dilatory plea. *Vide* 3 *Johns. Cas.* 150. 15 *Johns. R.* 4 *id.* 485. *Graham,* 80. 1 *Dunl.* 129.

The judgment below must therefore be affirmed.