SHAW *vs.* DUTCHER & HARRIS.

A plea in abatement, praying judgment of the bill in a suit commenced by
the filing and service of a declaration, is bad, although from the body of
the plea it is manifest that there is matter proper for a plea in abatement;
in a dilatory plea, the defendant is held to the greatest precision.

The proper conclusion of the plea in this case would have been to pray
judgment of the declaration.

In the common pleas or mayor's courts, when the suit is commenced by
capias, the plea in abatement, it seems, should pray judgment of the plaint.

To a plea in abatement it is not necessary to demur specially; formal defects
may be urged under the general demurrer.

If a plea in abatement be adjudged bad, the defendant is not allowed to
attack the declaration.

A defendant prevailing upon a plea in abatement is entitled to costs, unless
the plea was for a misnomer, or the judgment upon the plea is rendered only
in favor of one of several defendants; in the latter case, however, if he
obtain a certificate as prescribed by statute he recovers costs.

ERROR from the Albany mayor's court. Shaw sued
Dutcher and Harris in an action on the case and declared
against them that they were *retained* by the plaintiff, together
with Bartlett Bent and Peleg B. Savary, to prosecute a suit
against Horace Meacham and John Meacham; that they
accordingly prosecuted such suit, and in May, 1832, recovered
a judgment therein for the sum of $105,81; that a *fieri fa-
cias* was issued and returned *nulla bona;* that on the 12th
December, 1834, Bent and Savary assigned their interest in
the judgment to the plaintiff, who on the same day employed
Joseph L. Harris, a solicitor in the court of chancery, to
file a creditor's bill in that court against the Meachams, to
obtain satisfaction of the judgment; that on 14th February,
1835, such bill was filed; that on the 29th February, 1835,
the defendant Ira Harris, in his own name but in the be-
half of himself and his partner Salem Dutcher, caused his
appearance to be entered *as the solicitor for the Meachams*,
and subsequently interposed a plea in bar of the plaintiff's
bill, to the effect, that on the 3d day of July, 1832, the plain-
tiff, in behalf of himself and Bent and Savary, his co-plain-
tiffs, and of other persons, (naming them) filed a creditor's

ALBANY,
January, 1838.

Shaw
v.
Dutcher.

bill against the Meachams for the same relief sought by the bill last filed by the plaintiff, and that the bill filed in 1832 was still pending; that upon the plea in bar such proceedings were afterwards had, that on the 8th July, 1835, the bill filed by the plaintiff in the February preceding was dismissed for the cause set forth in the plea, with costs. The plaintiff then alleges that neither himself or his co-partners directed the filing of the creditor's bill which was filed in 1832, and that he, the plaintiff, had no knowledge of the same having been filed until the plea in bar was interposed; and charges the defendants with notice of the assignment whereby he became sole owner of the judgment, and with neglect of duty in not informing him of the pendency of the suit commenced by the filing of the creditor's bill in 1832; and alleges that he had been obliged to pay $63,20, the costs of the defence on the dismissal of his bill, besides his own costs in the prosecution of the same. The declaration commences by stating that the plaintiff complains of the defendants " according to the form of the statute in such case made and provided," and does not state that they were proceeded against as attorneys present in court, nor as in custody, &c. It contains two counts, substantially alike. The defendants put in the following plea : " And the said defendants in their own proper persons come and defend the wrong and injury when, &c. and *prays* judgment of the said bill of the said plaintiff, because they say that the said several deposed grievances in the said declaration mentioned, if any such were committed, were and each of them was committed against the said plaintiff jointly with Bartlett Bent and Peleg B. Savary, who are still living, to wit, at the city of Albany ; and not against the said plaintiff alone And this they the said defendants are ready to verify; wherefore, inasmuch as the said Bartlett Bent and Peleg B. Savary are not named in the said bill together with the said plaintiff, the said defendants pray judgment of the said bill, and that the same may be quashed, &c." To this plea the plaintiff demurred, assigning as special causes of demurrer the use of the word *prays* instead of *pray*, and of the word *deposed* instead of *supposed;* that it did not allege, af-

ter stating that Bent and Savary were living, that *each* of them was living; and that it did not allege that neither of them was named as a co-plaintiff. The defendants joined in demurrer. The mayor's court rendered judgment in favor of the defendants, and awarded them costs. The plaintiff sued out a writ of error, and now in addition to the causes of demurrer specially assigned, insisted that the plea was bad in praying judgment of the bill, and that the judgment of the common pleas was erroneous in awarding costs to the defendants upon the plea in abatement.

*P. Gansevoort*, for the plaintiff in error.

*R. B. Bates*, for the defendants in error.

*By the Court*, COWEN, J. This plea in abatement is one which relates to the process by which the suit is commenced. It aims to say that this process does not introduce as plaintiffs all the persons jointly interested; and therefore it should be quashed and the plaintiff put to begin *de novo*. A similar plea at Westminster Hall would generally be so drawn as to pray an abatement of the writ or bill; that is to say, the original writ which emanated from chancery, or the bill of the king's bench, which is not a writ, but is considered as the original. Gould's Pl. 262, § 84. The latter is in substance a declaration, and filed on the real or assumed ground, that the defendant being already a prisoner by other process of the court, any one may come in and file a bill as the first step in his cause. In that bill the defendant is said to be in custody, &c. whereas the declaration which supposes an original writ, recites that as the first process. In other words, one is a proceeding by process of original writ, the other by process of bill, and the plea in abatement prays either that the writ or bill may be quashed, according to the form in which the suit may have been commenced. Gould's Pl. 261, 2, § 83, 84. These distinctions are laid down and illustrated with great clearness and accuracy by Mr. Stephen, in his book on pleadings, ch. 1, p. 3 to 70 inclusive. It will be seen there that the exchequer also commences its suits between subject and subject, like the king's bench, by pro-

cess of bill in its strict legal sense, though in practice it is usually called a declaration. Id. 60. The adaptation of the prayer used by the plea in abatement to these different kinds of process is spoken of by Stephen, at p. 68 to 70. Analogous to the bill in the king's bench and exchequer, is the *plaint* of inferior courts, such as the county court and court baron of England. 3 Black. Comm. 273. Lilly says in his Abridgement, tit. Plaint, that a plaint in an inferior court is in the nature of an original writ, and adds that the *first process* in an inferior court is a plaint. And see Jacob's Law Dict. Plaint. The county court may also hold plea in many real actions and all personal actions to any amount, in virtue of the writ of *justicies*, which is likewise in nature of an original. 3 Black. Comm. 36. It seems to be the same as to a court baron, and the only pleas in abatement applicable to either, which I have been able to find, are aimed at that writ in the latter court. See two pleas in Scroggs' Court Leet and Court Baron, 289, 290, and Jacob's Treatise on the Court Baron, 305. They commence and conclude simply to the writ of *justicies*. By parity with what is said in Stephen, we may suppose that as to actions for small sums of 40s. coming within the original jurisdiction of these inferior courts, the plea in abatement, if it be to process, should pray judgment of the *plaint*. It is not the mere process for enforcing an appearance—a capias, bill of Middlesex, distringas, summons, &c. to which this plea is supposed to allude; that is out of the question; but to the original process, which always sets forth the cause of action at large. The subject was a good deal examined in *Haywood's ex'rs* v. *Chestney*, 13 Wendell, 495, where a plea in abatement in the common pleas, praying judgment of the said *writ and declaration*, was held bad, and I think the distinctions which I have noticed are virtually sustained by that case. The same distinctions are examined slightly by Parsons J. in *Ilsley* v. *Stubbs*, 5 Mass. R. 285. In Massachusetts the writ includes the real and only declaration; therefore he thought a plea in abatement might conclude to both, though it was better pleading to conclude to the writ only. And see Gould's Pl. 262, § 84.

It is proper to say that the form given by Stephen, which is a plea in abatement to the writ, p. 68, would seem at first sight to violate his own rules ; for it prays judgment both of the *writ* and *declaration*. It was adopted from Chitty, and both seem to have gone on what Holt said in *Lee* v. *Barnes*, 5 Mod. 144, that you might plead in abatement of the declaration where the action is by original ; but if it be by bill, you can only plead in abatement of the bill. Holt's R. 3, S. C. and S. P. Yet in *Johnson* v. *Altham*, 10 Mod. 192, 211, it was afterwards agreed that a plea in abatement which concluded demanding judgment of the declaration, is in general to be taken as a plea in bar; for it is a confession that the *writ* or *bill* [as the case may be] is good. It was also held in *Moffatt* v. *Van Mullingen*, 2 Chit. R. 539, that a plea in abatement in the K. B. praying that the declaration may be quashed, is bad. 2 Bos. & Pul. 124, note c, S. C. and S. P. *Leaves* v. *Bernard*, 5 Mod. 133, S. P. And it was added in the last case, that if you plead in abate ment of the count, you must not pray judgment that the *count* be quashed but the *bill*, though count was added there.

These cases and other authorities are enough to show that the plea must be correct at least in its prayer as to the *kind of process* to be quashed, whether it may or may not go far-ther and include the declaration. If it be right as to the original process, as the *writ* or *bill*, and add the declaration, that addition may perhaps be treated as surplusage. It was said in *Leaves* v. *Bernard*, 5 Mod. 132, that in the K. B. you may plead both to the bill and declaration ; and so the case of *Atwood* v. *Davis*, 1 Barn. & Ald. 172, would seem to in-dicate. The plea there, which was in the king's bench, prayed that the *writ* and *declaration* might be quashed, and held ill; but that the prayer should have been of the *bill*, not the writ. Lord Ellenborough, Ch. J. said, " there must be judgment for the plaintiff, unless bill and writ mean the same thing." If Mr. Stephen's form be right, then *Hay-wood's ex'rs* v. *Chestney*, in 13 Wendell, says virtually that the word *writ* is equally inapplicable to our county court of common pleas. If any original process behind the declara-tion is to be implied, it is probably a *plaint* in analogy to the

county court in England ; and I believe the proceedings in our county courts have usually been looked at in that view, and so treated in pleading them. The pleader has generally said a *plaint* was levied, and this was supposed to give the jurisdiction.

But the present revised statutes, 2 R. S. 269, § 1, sub. 3, provide still another mode of commencing suits in the supreme court and common pleas ; that is *by declaration.* The provisions of that statute were extended to the mayor's courts in 1833, Sess. 56, p. 20, ch. 17, § 5. Under this latter statute, the suit now in question was commenced, as is obvious from the beginning of the declaration. This is then not only in the nature of process, but it is the original process itself, like an original, or a plaint or bill of privilege. It is served on the party personally. The declaration thus becoming the real and only process known to the suit, I now see no other way in a plea in abatement but to pray judgment of the *declaration* EO NOMINE according to the truth, *per curiam in Johnson* v. *Altham,* 10 Mod. 192, the same as you would of a bill in the king's bench, or formerly in this court. If it be a bill or equivalent to a bill here, or ever were so, which is quite doubtful, 15 Johns. R. 326, note, 3 Johns. Cas, 149, 50, per Radcliff, J., yet certainly it is not so in the common pleas or mayor's court, where that class of original process is unknown, except it be against its *officers.* It supposes nothing which has gone before it in nature of an original ; neither plaint, bill nor writ. The power is given by statute, 2 R. S. 148, § 1, 2d ed. Least of all does it come from the notion of the old original, or the fiction on which the bill rests. The old form of prayer is therefore gone *quoad hoc.* It becomes utterly unmeaning in a court to which the process by bill is a stranger. The plea might as well pray judgment of a bill in equity. The remark in *Leaves* v. *Bernard* 1 Mod. 132, that *billa* and *narratio* are the same, was said of the king's bench. To call the declaration in the mayor's court or common pleas a bill, is at least a defect in form.

As to the form, if we were permitted to look from the prayer into other parts, (but we are not,) there is nothing to

help the plea. *The conclusion makes the plea.* No matter what the pleader may say in its introduction or in its body. Even though it begin in bar, if it conclude in abatement, it is a plea in abatement. This doctrine was distinctly held in *Thomee* v. *Lloyd*, 1 Ld. Raym. 356, 7, and has been confirmed and acted upon, with very slight qualifications, in several others. *Leaves* v. *Bernard*, 12 Mod. 133. Per Gibbs, Ch. J. in *Godson* v. *Good*, 6 Taunt. 395 ; 2 Marsh. 299, S. C. *Schoonmaker's ex'rs* v. *Elmendorf*, 10 Johns. R. 49. *Medina* v. *Stoughton*, 1 Ld. Raym. 593. Per Kent, J. in *Jenkins* v. *Pepoon*, 2 Johns. Cas. 313. *Johnson* v. *Altham*, 10 Mod. 192. *Hargis* v. *Ayres*, 8 Yerg. 467, is directly at war with the cases, and nothing is cited in support of it. The conclusion is to be taken as indicating what judgment the defendant desires ; and accordingly, in the case before us, it is, I perceive, carried into the judgment. The defendant is confined to the prayer, and if that be wrong, though the body of the plea allege matter proper for a plea *in* abatement, he cannot have the benefit of it, as he may on good matter in a plea in bar. *Rex* v. *Shakespeare*, 10 East, 83, 87. Per Bayley, J. in *Atwood* v. *Davis*, 1 Barn. & Ald. 172. There must not only be an appropriate prayer, but the pleader must not blunder in his words when he makes his prayer ; for in *Hixon* v. *Binns*, 3 T. R. 185, in K. B. the conclusion was thus : wherefore he prays *if the bill, and the same may be quashed ;*" and because the pleader did not say " prays *judgment of* the bill, &c." the court would not help him by any intendment in this case, it will be seen, not even in favor of equivalent words. The court said the *greatest* precision was required in dilatory pleas, and this is farther apparent in several other cases put by Wms.' note 1 to 2 Saund. 209, *b.* ; Co. Litt. 303, *a.* ; and Plowd. Comm. 33, S. P.

Testing the plea below by these rules, it is fatally defective. It begins and concludes by praying judgment *of the said bill.* I incline to think that this was a defect of substance ; but if of form only, being in abatement, the defect need not be assigned specially. Such is the construction of the English statutes of special demurrers, 27 Eliz. c. 5, and

4 Ann, c. 16, and ours is but an epitome of those acts. 2
R. S. 276, 2d ed. The English authorities to this point will
be found in 1 Chit. Pl. 404; *Walden* v. *Holman*, 2 Ld.
Raym. 1015; per Bayley, J. in *Lloyd* v. *Williams*, 2 Maule
& Selw. 484, 5. *Walden* v. *Holman* is in point.

There is nothing in the objection that the word " prays,"
a singular instead of a plural verb, is used in the introduc-
tory prayer. The whole of that might be stricken out and
yet the plea be good ; for we have seen that the conclusion
is the test. So as to the word *deposed.* Strike that out
and the plea will read " the said several grievances in the
said declaration mentioned," which is a perfect reference.
Several stronger cases of rejection for surplusage are put in
15 Vin. Abr. 560, tit. Nonsense. There is nothing in the
other causes specially assigned.

But it is said the declaration is bad ; the plaintiff was
first in fault, and cannot therefore make an available objec-
tion to the plea. Such is the general rule, but a demurrer
to a plea in abatement is an exception. In *Peter* v. *Pilking-*
*ton,* Carth. 171, in case for a tort, the defendant pleaded
nonjoinder, which was bad, and so held on demurrer, " when
the defendant's connsel would have taken exceptions to the
declaration, but the court would not allow it because there
was a plea in abatement." As it appeared, however, on the
plaintiff's declaration that he had no cause of action when
the suit was brought, the matter was disposed of by his ap-
plying to amend, and the defendant being put to answer the
corrected declaration. The case of *Bellassyse* v. *Hester,* 2
Lutw. 1589, 1592, also mentioned in a note by Lutwyche,
at p. 1604, is the same. The contrary was held in *Powis*
v. *Williams*, 2 Lutw. 1601, to which he adds the note ; but
he distinguishes the principal case because there the matter
pleaded in abatement was also available in bar. And this
is the only ground on which *Evans* v. *Stevens*, 4 T. R. 224,
can be supported. The plea, as Buller, J. said, p. 227,
tended to show that the plaintiff could maintain no action.
The right to go back on demurrer to a plea in abatement
seems, however, to have been hastily assumed in that case,
without reference to the previous authorities. The same

general doctrine is again repeated by Lutwyche, in a note to *Routh* v. *Weddell*, 2 vol. 1667. *Hastrop* v. *Hastings*, 1 Salk. 212, recognized in *Bullythorp* v. *Turner*, Willes, 478, is a direct adjudication on the same point. *Clifford* v. *Cony*, 1 Mass. R. 500, S. P. The rule is recognized in many books of reference, and I do not find that it is questioned by any. Com. Dig. Abatement, I. 14. Steph. Pl. 163, 1st Am. ed. 1 Chit. Pl. 405. Bac. Abr. tit. Abatement, P. Bacon's Abridgement, as we have cited it at vol. 1, p. 29, Am. ed. of 1813, adds as a reason, what is material to the main distinction we have been considering—in these words, " as nothing but the writ is then in question, for *nothing else* is pleaded to."

Then was the matter here pleaded available in bar? That is not pretended. The action being for a tort, the nonjoinder of plaintiffs as well as defendants can be availed of by plea in abatement only. This is laid down by Williams, in his notes to Saunders, 1 vol. 291, *g.* and h. Amer. ed. 1807, as the universal rule respecting not only actions for injuries to property, but to all acts of malfeasance, misfeasance or nonfeasance, and the like; to which he cites an abundance of authority. 1 Chit. Pl. 55, Am. ed. 1828, is equally comprehensive. And see *Wheelwright* v. *De Peyster*, 1 Johns. R. 471, 486; *Low* v. *Mumford*, 14 id. 426. In matter as well as form, therefore, the plea in the mayor's court was receivable in abatement only.

*As to costs;* the statute, 2 R. S. 511, § 17, 2d ed. provides that in all actions and proceedings in which the plaintiff would be entitled to costs upon any judgment rendered in his favor, if, after the appearance of the defendant, such plaintiff be nonsuited, discontinue his suit, be non prossed, or *judgment pass against him* on verdict, *demurrer or otherwise*," the defendant shall have his costs. It is not denied that the plaintiff might have had costs here, had he recovered. Then the statute is clear that the defendant was entitled to costs had the judgment been good in other respects. The distinctions under the English statutes do not arise. The only exception against the defendants where all succeed in a plea in abatement, is the case of a misnomer by a subse-

quent section, 2 R. S. 513, § 30, 2d ed.   There neither par-
ty recovers costs.   In all other cases, save where the judg-
ment on a plea in abatement is in favor of only part of the
defendants, id. § 21, judgment goes for costs.

But the judgment must be reversed on the ground that
the conclusion of the plea was wrong.

---

### ANON.

> Where a judgment rendered after verdict is affirmed by default in open court,
> the defendant in error is entitled to judgment that he recover twice the
> amount of his taxed bill of costs ; but he can claim no more than single
> costs where the judgment was rendered on a report of referees.