By the Court, Cowen, J.
This suit does not appear, by the demurrer book, to have been commenced by declaration pursuant to the statute. The memorandum is in the ordinary form, that the plaintiff brings into court her bill. The plea prays judgment of the writ only. This is a bad conclusion. The very point came up in Attwood v. Davis, (1 Barn. & Ald. 172.) The plea prayed judgment of the writ and declaration. Lord Ellenborough, C. J., said: “ There must be judgment of respon *214 deas ouster, unless bill and writ be the same thingand judgment was given for the plaintiff, on the sole ground that the plea should have prayed judgment of the bill. (See Haywood’s ex'rs v. Chestney, 13 Wend. 495, 6, and the cases there cited.) In fiction of law, before the new revised statutes, suits in this court were generally held to have been commenced by bill; and such is still the case, except where the suit is brought by the filing and service of a declaration. When this is done, the plea in abatement should conclude accordingly, by praying judgment of the declaration. (Shaw v. Dutcher, 19 Wend. 216.) The statute, however, does no more than to make an exception. In other cases the fiction is left to prevail. It is properly recognized in this memorandum, as we know it always has been in the judgment records of this court; as uniformly so as in the king’s bench, and with as much reason, at least of late years. Perhaps it has come to be mere matter of form, like other fictions ; but pleadings must often adapt themselves to what is no more. Fictions are not traversable even by pleas in bar; a fortiori not by pleas in abatement, which must be perfect, not only in substance but in form. The distinction between the conclusion in the K. B. and C. B. is still kept up in the latest precedents. ( Vide 3 Ch. Pl. 899, Am. ed. 1840.) In the former, the prayer is of the bill; in the latter of the writ. Yet neither bill nor writ, according to the sense in which the words are used by the plea, have any practical existence. In the K. B. and in this court the writ is wholly unknown, either in practice or in fiction; that is to say, an original writ, which the plea means, unless in some very extraordinary cases.
The conclusion of the plea is bad, and there must be judgment for the plaintiff. That judgment must be, quod recuperet. Rayner v. Dyett, (2 Wend. 300,) does not apply. The plea puis in that case went only to the execution against the body. I find no change in the rule as laid down in Gilb. C. P. 105, viz. “ Though the thing be pleaded in abatement, yet after a bar is pleaded, it is peremptory, as well on demurrer as on trial; because after bar pleaded he has answered in chief, and therefore *215 can never have judgment to answer over.” The same rule was laid down by the court in Beaton v. Forrest, (Aleyn, 65, 6,) where the doctrine is traced from a very early period.
Judgment for the plaintiff, quod recuperet.