Tyler *v.* Canaday.

---

SAME TERM.     *Before the same Justices.*

TYLER *vs.* CANADAY and others.

Where in an action of ejectment, after issue joined, the defendant at the circuit pleaded in bar *puis darrein continuance*, that the plaintiff had entered upon and taken exclusive possession of the lands and premises described in the declaration, and still retained the same, such plea was *held* to constitute no bar to the further maintenance of the suit, and was adjudged bad on demurrer.

An objection to the form of such a plea is not available on general demurrer.

The case of *Harkness* v. *Harkness*, (5 *Hill*, 213,) explained and overruled; the court holding that since the adoption of the revised statutes, a plea in abatement, praying judgment of the *writ*, is good in a suit commenced by *capias ad respondendum*.

THIS was an action of ejectment to recover a farm situate in Bern in the county of Albany. The defendants pleaded not guilty. The cause was noticed for trial at the Albany circuit in April, 1846. At that circuit the following plea in bar *puis darrein continuance* was interposed by the defendants :

" And now at this day, to wit, on the 6th day of April, 1846, before Amasa J. Parker, Esquire, one of the circuit judges, at

Tyler *v.* Canaday.

the circuit court held at the city hall in and for said county of Albany, come the said James Canaday and John I. Canaday, by Daniel Cady their counsel, and say that the said Oscar Tyler ought not further to maintain his action against them the said James Canaday and J. I. Canaday, because they say that after the commencement of this suit, and after the last continuance of the plea aforesaid, that is to say after the second day of February, 1846, from which day until now the action aforesaid is continued, to wit on the first day of March now last past, at the town of Bern in the county of Albany, the said plaintiff entered upon and took exclusive possession of the land, farm and premises mentioned and described in the said plaintiff's declaration; and the said plaintiff ever since the day last now mentioned has had, and still has by himself or his tenants exclusive possession of the said land, farm, and premises. And this they the said defendants James Canaday and John I. Canaday are ready to verify. Wherefore they pray judgment if the said Oscar Tyler ought further to have or maintain his said action thereof against them."

*John J. Tyler,* for the plaintiff.

*N. Hill Jun.,* for the defendants.

*By the Court,* PARKER, J. The first point made by the counsel for the plaintiff is that the pleading demurred to is defective in praying judgment of the " *action* " instead of the " *declaration.*" And the case of *Harkness* v. *Harkness,* (5 *Hill,* 212,) is cited in support of this position. In that case an action for slander was brought by a *feme sole,* which action was commenced by *capias.* After the general issue pleaded a plea in abatement was interposed, alleging that since the last continuance the plaintiff had married. This plea concluded by praying judgment of the *writ.* On demurrer, the supreme court adjudged the plea bad, because it did not pray judgment of the *bill ;* the court holding that the word writ, in pleading, meant only an *original writ,* as it existed at common law.

Tyler *v.* Canaday.

Having been concerned in that cause as counsel, I recollect very well that the point on which the decision was based was not raised on the argument; nor was it supposed by the counsel, on either side, to exist. After the argument, it was suggested to the mind of Justice Cowen upon an examination of the pleadings; and on that impression he decided the cause, although the counsel had argued the demurrer upon the merits of the plea. Very soon after the decision a re-argument of the cause was ordered ; but the plea being subsequently withdrawn by the defendant, the demurrer was never again brought to argument. That decision cannot be sustained, and probably would not have been upheld by that court had the question been discussed before it. To do so would be a refinement in technicality—a sacrifice of substance to form—that would render the administration of justice a mere mockery of the rights of parties.

There is no doubt that by the word *suit* was once understood an *original writ ;* but such is not the case now, since what was called an original writ is abolished. The revised statutes declare in what way personal actions may now be commenced, viz. by *capias ad respondendum,* by *summons,* and by declaration. (2 *R. S.* 347.) A capias is now expressly declared to be a *writ,* and is frequently called such in the revised statutes. On its face it commands the sheriff " to have then and there this writ." By section 5, (2 *R. S.* 348,) it is provided when the defendant may endorse his appearance on " such writ," and that the sheriff may return " the writ " personally served. The next section points out the duty of the clerk on " such writ " being returned ; and the duty of the sheriff to whom any " writ " shall be delivered, requiring bail, is declared in the 11th section. Again, in section 38, 2 *R. S.* 299, it is provided that an action shall be deemed to have been commenced when it shall appear that a *capias ad respondendum* was issued, &c. and that such " writ " was duly returned.

But it is unnecessary to multiply instances in which the highest authority of the state has given to a capias the legal definition of *writ.* No court will hold, at the present day, that

any process running in the name of the people may not correctly be called a writ in pleading, as well as in the language of a statute.

There are other reasons, however, why the first point made by the plaintiff's counsel is untenable. It is an objection to the form of the plea not specified among the causes of demurrer. Such an objection cannot be sustained on general demurrer to a plea in bar. (2 *R. S.* 276, § 18.) The rule is held otherwise in regard to a plea in abatement. (1 *Chit. Pl. by Greening*, 481. *Lloyd* v. *Williams*, 2 *M. & Sel.* 484. *Walden* v. *Holman*, 2 *Ld. Raym.* 1015. *Bonner* v. *Hall*, 1 *Id.* 338.) The language of our statute, above referred to, is broad enough to apply as well to pleas in abatement as to pleas in bar; but our statute being substantially like that of 27 *Eliz. ch.* 5, and 4 *Ann, ch.* 16, under which the above cited English decisions were made, the late supreme court applied to it a similar construction. (*Shaw* v. *Dutcher*, 19 *Wend.* 222.)

I proceed next to consider the second point made by the plaintiff's counsel, which is that the plea is bad in substance.

The only adjudged case relied upon by the defendant in support of the plea is that of *Moore* v. *Hawkins*, (*Yelv. Rep.* 180.) In that case the defendant pleaded at nisi prius that, *puis darrein continuance*, the plaintiff had entered into a part of the premises. The plea was certified into the exchequer, and the plaintiff demurring, it was held bad for not showing a place certain where the entry was. The report of this case in the exchequer will be found in *Lane*, 81, 82, 86. This early case is the only one to be found in which such a plea has been interposed; and no other is referred to in the elementary books, as authority for such a practice. (2 *Sellon's Pr.* 113. *Adams on Eject.* 246.) In the case of *Moore* v. *Hawkins* it seems to be assumed that if a place certain had been shown, the plea would have been sufficient; but that point was neither presented by counsel nor passed upon by the court. I do not think it is necessary to inquire whether such a plea would have been good previous to the adoption of our revised statutes. At that time the suit by ejectment was merely a possessory action, and the

Tyler v. Canaday.

judgment was not conclusive. It is now a substitute for a writ of right, and by it alone can the title to the land be determined.

On a trial in ejectment, the question now is whether the plaintiff had a right to recover at the time of the commencement of the suit. (2 *R. S.* 303.) And the verdict must, in all cases, specify the estate belonging to the plaintiff, whether it be in fee, for life, or otherwise. (*Idem*, 309, § 30.) If the estate of the plaintiff expires after the commencement of the suit, and before trial, the plaintiff is nevertheless entitled to judgment for his damages. (2 *R. S.* 308, § 31.) Such a rule had previously been held in this state in *Frier* v. *Jackson*, (8 *John. Rep.* 507;) *Jackson* v. *Davenport*, (18 *Id.* 295,) and *Austin ads. Jackson*, (1 *Wend.* 27.) And such a practice is necessary to enable the plaintiff to recover his costs of suit and to collect, by suggestion upon the judgment record, his mesne profits.

If it was possession only of the land that was sought, perhaps a plea that the plaintiff, pending the suit, had taken possession of the entire premises, might bar the action. But the plaintiff here seeks more. He seeks to establish a *right* of possession, and to obtain an adjudication of his right, that shall conclude the defendant. He has a right also to his costs of such proceeding, that have accrued in consequence of the wrongful withholding of the defendant; and the fact that the plaintiff has succeeded, after suit brought, in obtaining possession, does not render it any the less equitable that the defendant should pay the costs previously incurred. The plaintiff also seeks to recover for the use and occupation of the land during the time it was in the possession of the defendant; and this can only be done after perfecting judgment in the ejectment suit. The commencement of the ejectment suit is the first step, necessarily taken, towards collection of the mesne profits. It is true, trespass for mesne profits may still be maintained without ejectment. (*Leland* v. *Tousey*, 6 *Hill*, 328.) But there can be no good reason for denying the plaintiff the right to go on and collect the same by the proceedings already instituted.

Although this question seems never before to have been presented to the courts of this state, I find it has been examined

and decided in some of our sister states.  In *Price* v. *Sanderson*, (3 *Harrison's Rep.* 426,) such a plea was held bad on demurrer, and I entirely concur in the reasoning of Chief Justice Hornblower in delivering the opinion of the court in that case. The same point, substantially, was presented in *McChesney* v. *Wainright*, (5 *Ham.* 452,) and in *Verner* v. *Underwood*, (1 *Root*, 73 ;) in both of which cases such a defence was overruled.  A surrender of the possession was not all that was required of the defendant.  If he had offered to surrender the premises, to pay the costs, and to enter into a stipulation as to mesne profits, the court would have directed a stay of proceedings, or a discontinuance.  (*Jackson* v. *Stiles*, 3 *Wend.* 429.)

In my opinion the facts stated in the plea constitute no bar to the plaintiff's recovery ; and judgment must be rendered for him, on the demurrer.

---

SAME TERM.  *Before the same Justices.*