PRICE *v.* THE GRAND RAPIDS AND INDIANA RAILROAD COMPANY.

The obligation of each of several subscribers to the stock of a railroad company, where they all sign the same subscription agreement, must be construed to be several and not joint.

An answer in general denial, not verified, to a complaint, by the railroad company, upon such subscription, admits the capacity of the plaintiff to prosecute the suit, and the execution of the written subscription of stock.

Subsequent paragraphs of the same answer, denying the existence of the corporation, may, therefore, be rejected on motion.

Demurrers to answers in abatement do not reach back to the complaint, for such answers are not addressed to the complaint.

As to what constitutes a sufficient order for the payment of calls on a subscription, see the last two pages of the opinion.

An attorney is never allowed to change sides in the same suit, or receive fees of two adversaries in one cause; but where an attorney has, in the course of other business, obtained a knowledge of matters connected with the suit in question, Courts will not, in general, on that account, restrain an attorney from acting against the party through whose business he obtained such knowledge.

Generally, the judgment in a cause can not legally exceed the amount claimed.

APPEAL from the *Lagrange* Common Pleas.

PERKINS, J.—The following is a copy of the complaint in this suit:

"STATE OF INDIANA, } SS:
LAGRANGE COUNTY. }

"In the *Lagrange* Common Pleas, *August* Term, 1855. *The Grand Rapids and Indiana Railroad Company* complains of *Francis M. Price,* and says, that heretofore, to-wit: on the twenty-fifth day of *February,* 1854, said defendant subscribed, and promised to pay for, forty shares of the capital stock of said company, in such manner, and at such times, as the

directors of said company might require; a copy of which subscription is filed herewith and made a part of this complaint; and the plaintiff further says, that the directors required the payment for the said stock to be made by installments of ten per cent. a month, commencing on the first day of *March*, 1855, of which requisition defendant had due notice, but has neglected and absolutely refused to pay the installments, although six had been due before the commencement of this suit, amounting to the sum of 600 dollars for which sum plaintiff demands judgment, and for 100 dollars damages, making in all 700 dollars, and costs.

"Howe & Howe, for plaintiff."

Copy of subscription in the complaint mentioned:

"We, the undersigned, promise to pay to the President and Directors of *The Grand Rapids and Indiana Railroad Company*, 25 dollars for each share of stock opposite each of our names, in such manner and proportion, and at such times as they may direct.

"Witness our hands this, &c.,

| Names. | Shares. | Amount. |
|---|---|---|
| Francis M. Price. | 40. | $1,000." |

These stock subscriptions, though in form joint contracts, are intended to be, and are to be treated as several, and each stockholder as liable simply for the amount opposite his own name. They are to be interpreted thus: "We, the subscribers, promise to pay the sum set, &c., as subscribed.

"I, *Francis M. Price*, promise to pay 40. I, *John Gilpin*, promise to pay 10." The first paragraph of the defendant's answer was the general denial, not verified by oath. Two facts were thereby admitted.

1. The capacity of the plaintiff to prosecute the suit. *Heaston* v. *The Cin. & Ft. Wayne R. R. Co.*, 16 Ind. p. 275.

Price *v.* The Grand Rapids and Indiana R. R. Co.

2. The execution of the written subscription of stock. *Evans* v. *The Southern Turnpike Co.*, at this term.

Subsequent paragraphs of the answer, therefore, denying the existence of the corporation, might have been rejected on motion.

There was, it may be observed, no demurrer to the·complaint; and demurrers to answers in abatement do not reach back to the complaint. *Sham* v. *Dutcher*, 19 Wend. Rep. 216. Answers in abatement are not addressed to the complaint. Issues of fact were formed, by the general denial of the complaint, and also of paragraphs of the answer, were tried, and there was final judgment for the plaintiff below. The evidence is not in the record. Two questions are presented by the record.

This suit was commenced on the first day of *August*, 1855, and was for six installments of stock, amounting to 600 dollars. The terms of subscription were, that the stock was to be paid as called for by the directors. The plaintiff introduced the record of the corporation, which showed an order or call, made on the 27th of *October*, 1854, for the payment of the stock in installments of 10 per cent. a month. The defendant attempted to impeach that order, by showing a by-law of the corporation, requiring that "proceedings of each day shall be drawn up by the Secretary, and, after being read to, and approved by the Board, shall be signed by the President, and attested by the Secretary."

The record shows that the call was made by the Board on the 27th of *October*, 1854, but that the regular Secretary was not present. The minutes, therefore, of the action of the Board, were drawn up, on paper, by a Secretary *pro tem*, and for aught that appears, were read, approved and attested, and were subsequently handed, with all the books and papers, to the regular Secretary, who, before the first day of *January*,

1855, recorded them in the record book of the corporation, where they had remained, with the sanction of the Board.

We think the order was operative from the 27th of *October*, 1854. See *Junction Railroad Co.* v. *Reeve*, 15 Ind. 236.

The next question is upon the refusal of the Court to exclude *James M. Flagg, Esq.*, from acting as attorney for the plaintiff in the suit, the one then pending, being the second trial of the cause.

This cause, as we have seen, was commenced in 1855, and was first tried below in 1856. It came to the Supreme Court, where the judgment below was reversed, and the cause remanded for another trial. The second trial, from which record the pending appeal was taken, was had in 1860. On the first trial *Mr. Flagg* acted as attorney for the defendant, under the following circumstances:

*Mr. Price,* the defendant, had employed *Mr. Ellison,* to whom, alone, he was willing, it seems, to trust his cause; but other persons interested in the question, employed *Mr. Flagg* to act as associate counsel with *Mr. Ellison,* for *Mr. Price,* in his defence. *Mr. Price* accepted the services of *Mr. Flagg* upon these terms, treated him as his attorney, consulted with him fully upon his defence, and *Mr. Flagg* participated, on the trial, in the examination of the witnesses and the argument of the cause. Beyond doubt, in this state of facts, he is to be regarded as having been the attorney of *Mr. Price,* equally as though he had been feed by him. How he came to take a fee from the plaintiff, on the second trial, does not appear. And now the question arises, Can an attorney accept fees on both sides of the same cause? for, though the trials were different, the cause was still the same.

On this point there is but one opinion. Says Professor *Sharswood,* in his Legal Ethics: "The criminal and disgraceful offence of taking fees of two adversaries, ought, like par-

ricide in the Athenian law, to be passed over in silence in a code of professional ethics."

"A pleader is suspendable when he is attainted to have received fees of two adversaries in one cause." Mirrour of Justices, chap. 2, sec. 5.

• Where an attorney has, in the course of other business, or in conducting other suits, obtained a knowledge of matters connected with the suit in question, Courts will not, in general, simply on the fact of such knowledge, restrain an attorney from acting against the party through whose business he obtained such knowledge, especially where such party does not desire his services. • But he is never allowed to change sides in the same suit. 1 Monel Pr. 182. See, also, *Wilson* v. *The State*, 16 Ind. 392; *Henry* v. *Raiman*, 25 Penn. St. Rep. p. 354. And see Selwyn's Nisi Prius, vol. 1, p. 165, 7th Am. ed., for a large collection of cases relative to attorneys at law.

Another point. The judgment was for 85 dollars more than the sum claimed in the complaint. The judgment in a cause can not legally exceed the amount thus claimed as a general proposition.

*Per Curiam.*—The judgment is reversed, with costs. Cause remanded for further proceedings, not inconsistent with this opinion.

*A. Ellison*, for the appellant.