Spear, J.
The plaintiff is the receiver of the J. B. Miller Company, an insolvent Ohio corporation, having its principal office at Kent, Portage county. He was appointed in a pi’oceedingkad for the dissolution of the corporation, which, at the commencement of the action, had ceased to do business. His suit was to collect from a large num *487 ber of delinquent stockholders the several amounts due upon their subscriptions to the capital stock of the corporation, in order to raise a fund for the payment of debts. With the exception hereinafter stated, the defendants were served with summons in Portage county, and made no objection to the joinder of all delinquents in one suit.
It was alleged in the petition that it will require full payment of the par value of all the stock owned and held by solvent subscribers to pay off the debts, and the charges and expenses of settling the affairs of the company. Also that the action was brought ‘ ‘on behalf of all the creditors and all the stockholders of said corporation for the purpose of determining their individual and respective rights in the premises,” and the prayer is that the court determine the amounts of the debts, the solvent shareholders, and the amount of money to be raised to pay off debts, and for an order that plaintiff make such assessments on the unpaid subscriptions as will pay the debts and charges, and for such other relief as the nature of the case and equity may require.
The defendants in error were residents of Cuyahoga county, and were served with summons in that county, and no other service was had upon either of them. Each filed amotion to set aside the service, and quash the summons, expressly disclaiming intention to enter appearance for any other purpose. These motions were' severally overruled, although the court found that the facts constituting the ground, of the motion were true, and the defendants excepted. Thereupon the defendants each filed an answer, still insisting upon the ground of the several motions, and denying the jurisdiction of the court over him by reason *488 thereof; also alleging that he had never subscribed for stock; that what he held was purchased, and that the company, and its receiver, were estopped to make demand of him. because of certain representations made by the company to him when the purchase was made.
Upon trial, the court rendered a several judgment against each of the solvent stockholders found delinquent, those against these defendants being for $750 each, which are the judgments reversed by the circuit court.
The question presented by the record is as to the jurisdiction of the court of common pleas over the person of these defendants, and this is to be determined by a consideration of the nature of the action below. If it could be maintained as a suit in equity then the court had jurisdiction and the motions were properly overruled; if it were an action at law merely, then the service of summons in Cuyahoga county could not have the effect to give the court jurisdiction, and the motions should have been sustained.
We suppose that the position of the receiver in this kind of an action does not admit of serious question. While, speaking in general terms, he is a trustee for creditors, and for stockholders as well, in respect to their interests in the property and ■ assets of the corporation, resting upon the fact that they are, or may be, the beneficiaries of the fund which he collects, yet he stands, in a suit against stockholders, as the representative of the corporation, taking the rights of the corporation such as could have been asserted in its name, and on that basis only can he litigate. Smith on Receiverships, section 231. That is, he succeeds . to the title and rights of action of the corporation *489 itself, and takes all such, rights as the corporation itself originally had, and may enforce them by the same legal remedies. 23 Am. & Eng. Ency. of Law, 827; High on Receivers, sections 315, 316; Winters v. Armstrong, 37 Fed. Rep., 508; Rep. Life Ins. Co. v. Swigert, 135 Ill., 150. On the authority of Curtis v. Leavitt, 15 N. Y., 44, and of Alexander v. Relfe, 74 Mo., 495, Mr. High maintains that where acts have been done in fraud of the rights of creditors, but which are valid against the corporation, he may hold adversely to the corporation, and possibly, there is like power given a receiver by statute, but that is not of consequencein thepresent case.
Our statute regulating the dissolution of corporations, and the winding up of their affairs, chapter 5, division 7, of title 1. Revised Statutes, from section 5651 to section 5688, inclusive, seems to be framed in recognition of the foregoing rule. Section 5658 vests the receiver, upon his qualification as such, with all the estate, real and personal, of the corporation, makes him a trustee of the estate for the benefit of creditors and stockholders, and clothes him with the power conferred by law upon trustees to whom assignments are made for the benefit of creditors. Section 5659 gives express authority, where there is any sum due upon any share of stock subscribed, and the subscriber is not wholly insolvent, to commence and prosecute an action for the recovery of such sum. Section 5662 requires every person indebted to the corporation to account and answer to the receiver for the amount of the debt, or if any person have property of the corporation in his hands, he must account to the receiver for its value; And the means for discovery provided by law for trustees of insolvents are applicable to receivers.
*490 But we are considering a case where the power to be exercised is such only as the corporation had. The action, as it affects these defendants, being simply for recovery against stockholders on their unpaid subscriptions, we need not consider the legal capacity of the receiver in other respects. The corporation itself had power to enforce that claim. The character of the action, therefore, is the same as it would have been, had the corporation brought it. What then is the nature of the obligation incurred by subscribing to the capital stock?' The answer to this question would not seem difficult. The ordinary subscription is the individual undertaking of the subscriber. It is a contract directly between him and the corporation, and, unless unusual conditions exist, is in no wise affected by the terms of others; it is a several, and not a joint, contract. In other words, a simple, several, promise to pay. Am. and Eng. Ency. of Law, 826 ; Hatch v. Dana, 101 U. S., at p. 210; Baines v. Babcock, 95 Cal., 581, Price v. Rd. Co., 18 Ind., 137. For a breach, therefore, there would-accrue the same kind of a right of action as would follow the breach of a contract to pay money between other parties ; that is, a suit at law; the same kind of an action as the company could have maintained. As held in Henry v. Rd. Co., 17 Ohio Rep. at p. 190 : “The company could compel payment at law, of the stockholders’ contract according to the charter, when the necessities of the company should require this to be done,” but it could not compel payment in any other manner. High on Receivers, sec. 394; Freeman v. Winchester, 10 S. &M., 577. The mere appointment of a receiver to stand, in this behalf, in place of the company, therefore, could not, in the nature of the case, *491 authorize him to recover in equity a debt which, as between the original parties, was recoverable only at law. Nor could an averment in the petition that his action was brought on behalf of all the creditors turn the action into one by creditors so long as it was, in fact, a suit by the receiver alone. If the power of the receiver in this behalf had been enlarged by statute, a different question would be presented. But we have a suit at law only for the recovery of a several money judgment on the sole and several promise of each defendant, and it follows that no authority exists for issuing summons to another county. That is, the action against such defendant on such a claim is not properly brought in a county other than the county of his residence, and hence section 5038, which permits-summons to issue to another county, does not apply.
Where, however, an action has been commenced, as was this one, against stockholders who could be served within the county, as well as others, and the joinder is not objected to, no. reason is perceived why the action may not proceed against those who thus tacitly consent. And it is possible that the legislature might with advantage authorize an action by a receiver against stockholders to recover upon subscriptions to be brought in the same manner as actions by creditors to enforce statutory liability of stockholders are brought, thus bringing- in all stockholders upon whom service could be had within the state, provided there is power in that body to direct such an action, a question which we have not considered. Mr. Smith, in his valuable work on Receiver-ships, 174, collates authorities supporting his text that such a form of procedure is proper. But the *492 power seems to rest upon statutory provision. We are satisfied that in this state no such authority has been given.
Three Ohio cases, Warner v. Callender, 20 Ohio St., 190; Clarke v. Thomas, 34 Ohio St., 46, and Peter v. Machine Co., 53 Ohio St., 534, are cited by counsel for plaintiff in error. Without taking space to point out distinctions, we are of opinion that neither of these cases affects the question at issue here.
Our conclusion is that the motion to set aside and quash should have been sustained.

Judgment affirmed.