create personal liability. Nor can the statement by Hotchkiss of a personal interest that the work be done cheaply be construed to be a special promise to pay a debt for which he would not otherwise be liable. I am unable to find any words which would import any intention on the part of Hotchkiss, and certainly not on the part of Maddox, to be personally liable for this debt. The judgment seems to me, therefore, wholly unsupported by the evidence, and, with the order, should be reversed, and a new trial granted, with costs to appellant to abide the event.

Judgment and order reversed, and new trial granted, with costs to appellant to abide event.

SEWELL, J., concurs. KELLOGG, J., concurs in result. CHESTER and COCHRANE, JJ., dissent.

---

(56 Misc. Rep. 164.)

### ÆTNA LIFE INS. CO. v. NORTH STAR MINES CO.

(Supreme Court, Special Term, New York County. October, 1907.)

1. INSURANCE—LIABILITY INSURANCE—ACTION FOR PREMIUMS—COUNTERCLAIM.
   In an action to recover premiums under a liability insurance policy, an answer setting up a counterclaim for insurance for injuries to plaintiff's employés is subject to demurrer, where it does not set out the insurance contract, nor facts from which the court may infer that such a contract was entered into.

2. PLEADING—DEMURRER TO COUNTERCLAIM.
   A demurrer to a counterclaim does not bring up defects in the original complaint, but is to be determined on the sufficiency of the counterclaim.

Action by the Ætna Life Insurance Company against the North Star Mines Company. Demurrer to counterclaim sustained, with leave to amend.

See 106 N. Y. Supp. 545.

E. Sidney Berry, for plaintiff.
Joseph H. Choate, Jr., for defendant.

BISCHOFF, J. The action is brought to recover a certain premium alleged to be due upon four policies of liability insurance; and the answer, after denying certain averments of the complaint, sets up two counterclaims. The second counterclaim is, apparently, based upon some provisions of two of the policies, whereby the defendant deems itself entitled to collect insurance for injuries to its employés, "as trustee" for the injured persons. A demurrer is interposed to this counterclaim for insufficiency in substance, and also upon the ground that it is not a counterclaim of the character specified in section 501 of the Code of Civil Procedure, in that the cause of action upon which it is based did not accrue to the defendant in its individual capacity, but, at best, as trustee, which is not the capacity in which it is sued in this action. I must hold that the allegations of the counterclaim are not sufficient; and, no right of recovery being set forth, the question

as to the character of the claim under section 501 of the Code becomes immaterial.

Except so far as may be found in paragraphs 1, 4, and 5 of the answer, which are repeated as a part of the counterclaim, nothing is stated which indicates that any contract whatever was entered into between these parties, as a matter of substantial fact. The body of the counterclaim is devoted to the statement that injuries were sustained by the employés, and contains no reference to the agreement other than that the defendant demanded payment of the sums which "under the terms of the said policies this plaintiff had agreed to pay." Here there is nothing but the bare conclusion that the plaintiff had "agreed" to pay something by the terms of the "said policies"; and this is, obviously, no averment that a contract had been entered into. Turning to the first, fourth, and fifth paragraphs of the answer, stated to be realleged as part of the counterclaim, there is found in paragraph 1 simply a denial that the policies were in force during the periods stated in the complaint. Paragraph 4 contains merely a denial that any sum is due to the plaintiff for premiums, and paragraph 5 states that:

"Under the terms of the said contract of liability insurance alleged in paragraph 3 of the complaint, * * * the plaintiff agreed to insure the defendant as trustee for the employés enumerated in the schedules attached to said policies, against bodily injuries," etc.

A counterclaim must be complete in itself, and it has been held that the mere reference to preceding paragraphs of a pleading does not suffice to incorporate the matter so referred to as part of the new statement. Wallace v. Jones, 68 App. Div. 191, 74 N. Y. Supp. 116. But, if the first, fourth, and fifth paragraphs of this answer are read into the counterclaim, still the defect of substance is not cured. Certainly the first and fourth paragraphs set forth no agreement, and the fifth paragraph, while referring to certain contracts alleged in the third paragraph of the complaint, does not admit the averments of the latter, nor incorporate them as a part of the answer. At best, there is the statement that "under the terms" of certain instruments the plaintiff "agreed" to insure the defendant for certain purposes; but this is only a conclusion of law, which the demurrer does not admit. The fact of the making of an enforceable agreement involves the meeting of the minds of the parties for some consideration; and the averments of the pleading must, directly or by reasonable inference, disclose the presence of a consideration. Burnet v. Bisco, 4 Johns. 235; Baylies' Code Pl. 135, § 20; Bliss, Code Pl. § 268. Here there is not only a failure to state facts from which the court may infer that an actual agreement was entered into, but by the first paragraph of the answer, incorporated in the counterclaim, the defendant denies that the policies, which alone are referred to, were in force during the appropriate period. It is true that this denial is with reference to a conclusion of law, but it serves to harmonize with the generally insufficient character of the counterclaim in its omission of necessary substantive allegations.

But the defendant contends, if the counterclaim be insufficient, still the demurrer should be overruled because the complaint is defective in matter of substance. Without passing upon the question of the

sufficiency of the complaint, it is enough to say that the rule that a demurrer reaches the first bad pleading does not apply to a demurrer interposed to a counterclaim. Where there is a demurrer to a defense, the demurrer may reach back to the complaint to which the defense is interposed; but a counterclaim is in the nature of a cross-action, and, having no relation to the issue raised upon the averments of the complaint, the sufficiency of the cross-demand is to be determined as an independent matter. The rule is well stated in the case of Anderson Building, etc., Co. v. Thompson, 88 Ind. 405, as follows:

"A cross-complaint or counterclaim is not a defense to the plaintiff's action; but it is a cross-action by the defendant against the plaintiff, and it must state facts sufficient to constitute a cause of action, or it must be held bad on a demurrer thereto, for want of facts, whether the original complaint be good or bad. In other words, it cannot be said that a bad cross-complaint or counterclaim is good enough merely because the original complaint does not state facts sufficient to constitute a cause of action. A demurrer to a cross-complaint or counterclaim, for the want of sufficient facts therein, does not search the record, as would such demurrer to an answer, and fasten upon an insufficient complaint."

The question was also considered in Wheeler v. Curtis, 11 Wend. 653, with the same result. Similarly, a demurrer to an answer in abatement does not search the record, as has been held, because such an answer is not addressed to the complaint (Shaw v. Dutcher, 19 Wend. 216; Goldsmith v. Chipps, 154 Ind. 28, 55 N. E. 855); a characteristic which is quite as forceful in the instance of a demurrer to a counterclaim. To permit the defendant, upon a demurrer to his insufficient counterclaim, to attack the complaint, the averments of which are elsewhere in his answer placed in issue, would be to permit him, in effect, to answer and demur to the same pleading; and it is this circumstance which has been deemed a sufficient reason for limiting the general rule that a demurrer searches the record to cases other than those where the demurrer is aimed at a cross-demand. See 6 Encyc. Pl. & Pr. 332; Wheeler v. Curtis, supra; Miller v. Maxwell, 16 Wend. 23. This counterclaim is not designated as a defense; hence the possible question of its sufficiency as such, because of the incorporation of denials, is not involved, and, for the reasons stated, I must hold that it is insufficient in substance.

Demurrer for insufficiency sustained, with costs, with leave to the defendant to amend upon payment of costs within 20 days.

Demurrer sustained, with costs, with leave to defendant to amend upon payment of costs within 20 days.