SHICKLE, HARRISON & HOWARD IRON COMPANY v. THE S. L. WILEY CONSTRUCTION COMPANY, IMPLEADED WITH THE NILES WATER WORKS.

*Foreign corporation—Service on its president under How. Stat. sec. 8145—Not necessary that he should be in this State on official business for corporation—Or specially authorized to receive service of process—Presumed to be such officer for the purposes of the statute—Plea in abatement denying legality of such service—Failure to serve same on plaintiff's attorney—If official character of officer served is undisputed, the service being good and plea bad, action of plaintiff in proceeding to judgment without reference to plea, a mere irregularity—Does not affect jurisdiction of the court, and not reviewable on error—Better practice to have moved to strike it from the files—How. Stat. sec. 8145, designed to remedy defects in prior laws indicated in Newell v. Great Western Ry. Co., 19 Mich. 336.*

1. In a suit against a *foreign* corporation impleaded with a *resident* defendant in the Berrien county circuit court, *personal* service of the declaration was made upon the *latter*, and upon the *president* of the former, in said county. The corporation filed a plea in abatement, denying the legality of the service upon its president, who was, as it alleged, in the State on private and not official business, but failed to serve any notice of such plea upon plaintiff's attorney. The other defendant pleaded the general issue, the default of the corporation was entered and made absolute, and a judgment rendered against both defendants.

   *Held,* that the service was valid under How. Stat. § 8145, which was enacted to remedy certain defects in prior laws indicated in *Newell v. Great Western Railway Co.,* 19 Mich. 336. (See note, page 232.)

   *Held,* further, that while the better practice would have been to have moved to strike the plea from the files, yet, as no notice of same was served, and the official character of the party served is undisputed, the service was good and plea bad, and 'the action 'of plaintiff in proceeding to judgment was a mere irregularity, harmless to the defendant corporation, and not affecting the jurisdiction of the court.

2. Where service of process was had upon the president of a foreign corporation in this State under How. Stat. § 8145, and the defendant denied the legality of such service for the reason, among others, that the officer was not in this State on official business or in his official character,—

   *Held,* that under the statute cited it is not necessary that the officer upon whom service is made should be in this State upon *official busi-*

ness for the corporation, or be *specially* authorized by it to receive service of process; but that he must be *presumed* and held to be such officer for the purposes of the statute.

Error to Berrien.   (Smith, J.)    Argued April 15, 1886. Decided April 29, 1886.

Assumpsit.  Defendant brings error.   Affirmed.  The facts are stated in the opinion.

*William A. Underwood* and *Henry M. Cheever*, for appellant:

The plea should have been met by some counter-pleading on plaintiff's part.  It might possibly be treated as a nullity if not verified, or if put in after ten days from the time of the attempted service of the declaration : 1 Chitty, Pl. (16th ed.) *481 ; 1 Green's Prac. 211 ; *Richmond v. Tallmadge*, 16 Johnson, 307 ; but even in such case the proper practice would have been to move to strike it from the files : *Comstock v. McEvoy*, 52 Mich. 326.

The attempted service of declaration was July 22, and the plea was filed July 31, and was verified, hence could not be treated as a nullity.

Plaintiff had its option :

1. If the matter pleaded was true in fact, but plaintiff considered that the service was good under How. Stat. § 8145, and therefore the *fact* pleaded was not a good defense in law, or if, for any other reason, it was deemed insufficient in law, a demurrer should have been interposed, and upon appellant's joining in demurrer an issue of law would have been created. If appellant neglected to thus join, its default could have been entered, and plaintiff could proceed to judgment.

2. If the matter pleaded was untrue in fact, plaintiff should have filed a replication, which, unless defective in form, would have raised an issue of fact.  If defective in form, a demurrer from appellant would have raised a question of law.

3. If the plea was true, but plaintiff had any new matter with which to avoid its legal effect, it should have filed a replication by way of confession and avoidance, and the appellant could have answered by demurrer, if the plea was defective, or by rejoinder if not defective.

These are the roads, some one of which should have been traveled to reach an issue : 1 Green's Prac. 212–13; Stephen's Pleading, 58 ; Arnold's Pleading, 243, 254, 264, 307 ; 1 Chitty, Pl. (16th ed.) *481 ; C. C. Rule 16.

How. Stat. § 8145, cannot avail plaintiff. It is similar in language to Comp. Laws 1857, § 4835, except that it does in terms refer to foreign corporations; and section 4835 was held *not* to apply to foreign corporations, because the corporate entity could not possibly enter the State itself, and could do no more than to cause itself to be represented here by its officer or agent: *Newell v. Great Western Railway Co.*, 19 Mich. 344; *Watson v. Judge of Wayne Circuit*, 24 Id. 38–9; *Hebel v. Amazon Insurance Co.*, 33 Id. 406; *L. S. & M. S. Ry. Co. v. Hunt*, 39 Id. 470–1.

For the same reason section 8145, although it refers to foreign corporations, only permits service upon the officer of such corporation designated when he is within the State representing the corporation, and not as an individual. When here as such representative, he is the corporation itself for the purpose of vitalizing service of process. When here as an individual, he has no more connection with the corporation than a stranger would have.

The attempted service in this case was akin to a vicarious service. Where service is vicarious, it can only be made upon some person who, at time of service, represents the corporation sought to be served; and the *present* existence of such special relation and representation is just as indispensable as, in ordinary cases, would be the identity of the person served, with the defendant: *Hebel v. Amazon Ins. Co.*, 33 Mich. 403.

If the facts of the plea were true, then Wiley's act in coming to Berrien county was not the act of the company, nor was his presence any other than a personal presence. "He had no principal, and he was not an agent. He had no official status or representative character in this State." The corporation could only be bound by the service when the president was *then* in a manner impersonating the company: *Newell v. Great Western Ry. Co.*, 19 Mich. 345.

The interposition of the plea to the jurisdiction presented the question of invalid service to the court. Until issue was tendered upon it, the court had no jurisdiction to proceed to judgment.

If we are correct in the foregoing, it follows that all the subsequent proceedings of the court below, in the entry of default, assessment of damages, and entry of judgment, were without jurisdiction, and void.

No judgment could be rendered against the drawer and drawee of the draft upon proper service upon one of them, as is permitted by statute against joint contractors. They

were *not joint* defendants: How. Stat. § 7354; *Hosie v. Judge Wayne Circuit*, 22 Mich. 496; *Sherman v. Palmer*, 37 Id. 511.

The judgment should have been against the Niles Water Works only. This would have severed the action, leaving plaintiff to proceed against appellant in the proper manner: How. Stat. § 7355.

*George F. Edwards*, for plaintiff:

The provisions of How. Stat. § 8145, were fully complied with. This section was enacted to remedy the defects in prior laws indicated in *Newell v. Great Western Ry. Co.*, 19 Mich. 336, and defendant's plea seems to have been drawn from the one in that case.

Service of a copy of a plea is as necessary as its filing, and the record, failing to show such service, shows no valid plea, hence plaintiff was right in treating it as a nullity and proceeding in the suit. How. Stat. § 7360; 1 Green's Prac. 205–10; Circuit Court Rule 16; *Arno v. Wayne Circuit Judge*, 42 Mich. 362–70.

The necessity of notice in all cases where any rights are to be affected, even after plea withdrawn, has been often decided by this Court (*Crawford v. Tuller*, 35 Mich. 57; *Montgomery v. Merrill*, 36 Id. 102; *Watson v. Hinchman*, 41 Id. 717); and to entitle a party to the benefit of any pleading there must be proof or admission of service on file: 1 Green's Prac. 431, and cases cited; *McCaslin v. Camp*, 26 Mich. 391–3.

Plaintiff could move to strike the plea from the files, or treat it as a nullity and proceed to judgment, if defendant plead after the time limited by rule: 1 Green's Prac. 205; or if it be not verified, or the affidavit is defective: Id. 210–11; *Richmond v. Tallmadge*, 16 Johns. 307.

Mere notice of filing the plea is not sufficient, but a copy must be served; and, under the English practice, in many cases of improper pleas, even in bar, plaintiff was authorized to disregard same and proceed to judgment: 1 Chitty, Pl. (16th ed.) *568.

If a plea be clearly bad or frivolous, plaintiff should demur, or treat it as a nullity and enter default without application to the court: *Falls v. Stickney*, 3 Johns. 541.

Morse, J. The plaintiff in this action brought suit against the defendants upon a draft drawn at Richmond, Indiana, by

the S. L. Wiley Construction Company, per S. L. Wiley, president, upon the Niles Water Works, at Niles, Michigan, for $2,499, payable to the order of plaintiff four months after date.

Proper service was had upon the drawee, and service was made upon the S. L. Wiley Construction Company by delivering a copy of the declaration, with notice of entry of rule to appear and plead, etc., to Solon L. Wiley, president of said corporation, at the city of Niles on the twenty-second day of July, 1885.

On the thirty-first day of July, 1885, the said corporation defendant filed in the cause a plea in abatement, setting forth that it was a foreign corporation created by and existing under the laws of Massachusetts, having its domicile and principal office at Greenfield, in said State, and that no original writ of summons, nor declaration or other process or legal notice, had been served upon it in this State; that it has no officer, agent, or attorney in Michigan authorized to receive service of legal process, or to appear for it in legal proceedings in the circuit court for the county of Berrien, where this action was pending, without special direction; that none of its officers or agents reside in Michigan, or have any office or place of business therein, and that it has not authorized any agent or any one to appear for it in this action, except for the special purpose of objecting to the jurisdiction of the court.

That Solon L. Wiley, upon whom the declaration was served, was not, at the time of such service, in the State of Michigan on official business for the said defendant, nor in any official character as the officer of such corporation, nor otherwise than casually and accidentally, and not as representing the defendant; and that he was not authorized to receive service, nor to represent it as an officer or otherwise.

This plea was verified by said Solon L. Wiley, who deposes in the jurat that he is president of the S. L. Wiley Construction Company, and makes the affidavit in its behalf and by its direction.

It does not appear from the record that any notice of the

filing of this plea was ever served upon plaintiff's attorney.

August 13, 1885, the Niles Water Works pleaded the general issue.

The plaintiff, without paying any attention to this plea of the construction company, proceeded to enter its default, to make it absolute, assess damages, and, upon the trial of the issue made by the Niles Water Works, entered a joint judgment against both defendants.

The S. L. Wiley Construction Company asks a reversal of this judgment, as to it, claiming no proper service, as stated in its plea, and also alleging that the plaintiff could not proceed, even if the court obtained jurisdiction by the service of the declaration upon Wiley, without first joining issue upon the plea filed by it, or moving to strike it from the files.

In favor of the first proposition we are referred to the case of *Newell v. Great Western Railway Co.*, 19 Mich. 336. (See note, page 232.) Since that decision the Legislature has provided for suits by and against foreign corporations in this State.[1] The obvious intent of this statute, in our opinion, was to remedy the defects in the prior laws, as indicated in the opinion filed in the *Newell Case.* There is no dispute in the present case but that Wiley was president of the corporation at the time the service was made upon him.

We cannot hold, under the statute above referred to, that the officer or agent of the corporation within this State must be here upon official business for his corporation, or specially

---

[1] How. Stat. § 8145.—" Suits may be commenced at law or in equity in the circuit court for any county of this State where the plaintiff resides, or service of process may be had, and in cases where the plaintiff is a non-resident, in any county of the State, against any corporation *not* organized under the laws of this State, in all cases where the cause of action accrues within the State of Michigan, by service of a summons, declaration or chancery subpoena within the State of Michigan, upon any officer or agent of the corporation, or upon the conductor of any railroad train, or upon the master of any vessel belonging to and in the service of the corporation against which the cause of action has accrued; *Provided,* that in all such cases no judgment shall be rendered for sixty days after the commencement of suit; and the plaintiff shall, within thirty days after the commencement of suit, send notice by mail to the corporation defendant at its home office.".

See *Maxwell v. Speed,* 60 Mich. 36.

authorized by it to receive service. To do this would be to allow the individual upon whom the service is made to determine in most cases for himself, without fear of successful contradiction, whether, at the particular moment of such service, he was acting as such officer or agent, or as a private person. It would have a tendency to thwart the special purpose and object of the statute, and such we do not think was the intent of the Legislature. The officer or agent must be presumed and held as such for the purposes of service under the statute, and cannot throw off his representative capacity at will, as he would an outer garment, in order to defeat its manifest object.

No doubt but the better practice in this case would have been to have moved to strike this plea from the files. But no notice having been served upon the plaintiff of its filing, and the fact being undisputed and admitted that Wiley was the president of the corporation, and therefore the service good and the plea bad, under our construction of the statute, the proceeding to judgment without noticing the plea was a mere irregularity, doing no harm to defendant, and not affecting the jurisdiction of the court.

If the defendant corporation had filed an affidavit of merits, and asked that the default might be opened or the judgment vacated in the court below, there might have been good ground, in the discretion of that court, for granting such an application. But it has contented itself with attacking the jurisdiction of the court on writ of error, and the defect, if any, in the proceedings to judgment after the filing of the plea is one of irregularity in practice, and not one operating in any way upon the jurisdiction.

The judgment is therefore affirmed, with costs.

The other Justices concurred.

---

Note.—In the case cited, the plaintiff attempted to commence a suit by declaration in the Wayne circuit court against the railway company, a Canadian corporation, service being made on its treasurer in Wayne county. The defendant pleaded to the jurisdiction of the court, averring its foreign corporate character and the non-residence of plaintiff; that it had no officer, agent, or attorney in Michigan authorized to receive service of legal process, or to appear for it in legal proceedings in any court therein,

---

without its special direction and authority, which had not been given, except for the special purpose of objecting to the jurisdiction of the court; that none of its officers resided in said State, nor had any office or place of business therein; that the person served with process was not at the time in Michigan on *official* business for defendant, nor in his *official* character as its *treasurer*, but casually and accidentally, and that he was not authorized to represent it as such officer or otherwise, nor to receive such service.

The plaintiff demurred, contending that the service was valid under Section 4835, Comp. Laws of 1857. The court [see pages 344–5 of opinion] declined to decide whether the statute was applicable to foreign corporations, assuming, for the purposes of the argument, that it might be resorted to in some cases, but *held* that if defendant would be bound by service on its treasurer in Michigan in given cases, it could only be when that officer was, at *time* of such service, representing the corporation in his *official* character, and that, under the facts as admitted, he had no official status or representative character in this State at time of such service.