The Indiana, Bloomington and Western Railway Company *v.* Foster.

Filed Sept. 18, 1886.

---

No. 12,049.

## The Indiana, Bloomington and Western Railway Company *v.* Foster.

Jurisdiction.—*Railroad.*—*Negligence.*—*Escaping Fire.*—*Injury to Real Estate.*
—An action against a railroad company to recover for an injury to fences and growing pasture, caused by fire from a locomotive, is an action for an injury to real estate within section 307, R. S. 1881, and is properly brought in the county where the real estate is situate, notwithstanding the defendant has no agent or office for the transaction of business in such county, and the joining of a claim for damage to personal property will not oust the jurisdiction.

The Indiana, Bloomington and Western Railway Company v. Foster.

PLEADING.—*Answer in Abatement.*—*Demurrer.*—*Reaching Back.*—A demurrer to an answer in abatement does not reach back to the complaint.

From the Warren Circuit Court.

*C. W. Fairbanks, J. McCabe* and *E. F. McCabe,* for appellant.

ZOLLARS, J.—It is alleged in appellee's complaint, that as the result of appellant's negligence, fire escaped from one of its trains passing over its road in Warren county, and ignited rubbish and inflammable material upon its right of way; that the fire spread to his land and destroyed fences, growing pasture and a quantity of hay.

Appellant, by counsel, at the proper time, challenged the jurisdiction of the court, and now insists that the action should have been brought in the Fountain Circuit Court, and not in Warren county.

For a plea to the jurisdiction of the court, and in abatement, appellant answered that it had no office for the transaction of business in Warren county, but had such an office in Fountain county; that it had no agent located in Warren county; that no summons was taken out to the sheriff of Warren county, and that the clerk, upon the order of appellee, issued a summons to the sheriff of Fountain county.

Appellant's contention rests upon the proposition that an action of this character must be brought in the county where the company has an office or agent, in other words, in a county where the company may be said to have a residence, as provided by section 312, R. S. 1881.

We think, however, that the action is for an injury to real estate, within the meaning of section 307 of the code, R. S. 1881, and was properly brought in Warren county, where the real estate is situated. The fire destroyed fences and growing pasture, and these were a part of the realty. *Owens* v. *Lewis,* 46 Ind. 489 (15 Am. R. 295), and cases there cited. Their destruction, therefore, was an injury to the real estate.

The hay, destroyed in the stack, was personal property.

Conceding for the present, without in any way indicating an opinion, that if its destruction had been the only loss by the fire, the Warren Circuit Court would not have had jurisdiction in an action for its loss, it does not follow at all that the joining of that claim with the claim for the injury to the real estate ousted the jurisdiction of that court. It is not questioned that the service was good, if the Warren Circuit Court had jurisdiction. Upon the foregoing, we conclude that the court below did not err in sustaining the demurrer to appellant's plea in abatement.

The sufficiency of the complaint was not questioned below by demurrer, nor by a motion to arrest the judgment; nor is its sufficiency questioned in this court, except by the assignment that the court below erred in not carrying the demurrer to the plea back, and sustaining it to the complaint. It is a sufficient answer to this assignment of error to say that demurrers to answers in abatement do not reach back to the complaint, because such answers are not addressed to the complaint. *Price* v. *Grand Rapids, etc., R. R. Co.*, 18 Ind. 137. See, also, *Anderson Building, etc., Ass'n* v. *Thompson*, 88 Ind. 405.

The case of *Ætna Ins. Co.* v. *Black*, 80 Ind. 513, is not in conflict with the Price case, when properly considered. In this latter case, there was an assignment that the complaint did not state sufficient facts.

The judgment is affirmed, at appellant's costs.

Filed Sept. 21, 1886.