PORTER *v.* SEWALL SAFETY CAR-HEATING CO.

AMERICAN LIGHTING CO. *v.* SAME.

(*Supreme Court, Special Term, New York County.* August 5, 1889.)

FOREIGN CORPORATIONS—SERVICE OF PROCESS.
    Under Code Civil Proc. N. Y. § 432, subd. 3, providing that in the absence of the principal officers of a foreign corporation service may be made on a managing agent "within the state," service on the general manager of a foreign corporation, while within the state temporarily, and not performing the duties of his office, is sufficient.

At chambers. On motion to set aside service of summons.

*John S. Moulton,* for plaintiffs. *James McKeen,* for defendant.

O'BRIEN, J. The service of the summons in both of the above-entitled actions was made upon the vice-president and manager of a foreign corporation, while he was visiting at Saratoga, which it is claimed is void under section 432 of the Code, for the reason that he was not temporarily or permanently performing the functions of vice-president or general manager within the state. The contention presented is to be determined by the construction or meaning of the words "within the state," as found at the end of subdivision 3 of said section. The first subdivision of section 432 of the Code, relating to service upon a foreign corporation, provides that it must be made by delivering a copy thereof, within the state, to the president, treasurer, or secretary. If such officer cannot be found, and the corporation has property within the state, or the cause of action arose therein, service must be made by delivering

a copy of the summons to the cashier and director, or a managing agent of the corporation within the state.

It is claimed that the words "within the state," as used in this subdivision 3, must be upon persons thus designated, who are performing the functions of their office within the state. In this construction I do not concur, for the reasons that it will be noticed that the words "within the state" are used in the paragraph preceding subdivision 1 of section 432, and in fact throughout the section, so as to relate, not to the person, but to the place where the service is to be made. The case of *Pope* v. *Car Co.*, 87 N. Y. 137, decides that it is not needful that the officer served should be here in his official capacity, or engaged in the business of the corporation. *Hiller* v. *Railroad Co.*, 70 N. Y. 223, states that "as a general rule, any service will be deemed sufficient which renders it reasonably probable that the party proceeded against will be apprised of the action against him, and have an opportunity to defend." It being conceded for the purposes of this motion that the cause of action arose within the state, and service having been made upon one of the officers designated by subdivision 3, within the state, and my conclusion being that the words "within the state" relate to the place where the service should be made, the motions to set aside the service in these actions must be denied.