Filed March 15, 1890.

---

No. 15,190.

## CICERO TOWNSHIP *v.* SHIRK ET AL.

TOWNSHIP.—*Action against.*—*Service of Summons upon Trustee by Reading.*— In a suit against a township, service made upon the trustee by reading instead of by a certified copy of the summons, there being enough in the summons and service thereof to inform the defendant that an action had been instituted against it in court, the term at which it will stand for trial, and who the plaintiffs are, is at most only irregular under section 6003, R. S. 1881, and a judgment rendered as upon default will not be set aside.

From the Tipton Circuit Court.

*W. R. Oglebay* and *C. N. Pollard,* for appellant.

*G. H. Gifford* and *J. M. Fippen,* for appellees.

BERKSHIRE, J.—With one exception this case involves the identical questions that were involved in the case of *Cicero Township* v. *Picken, ante,* p. 260.

As we said in that case, the action is to set aside a judgment on the ground of fraud.

The only difference in the two cases as to the facts alleged is, that in the former action an appearance was entered and an answer filed for the township without process having been first issued and served, while in the present case summons

was duly issued and served on the appellant by reading, and a judgment rendered as upon a default.

Sections 315, 316 and 317, R. S. 1881, came into force September 19th, 1881, and apply to all civil actions.

Section 315 provides for the service of the summons, and that it shall be personally served or by leaving a copy of the same with the defendant.

Section 316 relates to the service of summons on corporations.

Section 317 is curative, and therefore entitled to a liberal construction.

It provides that no summons, or the service thereof, shall be set aside or be adjudged insufficient when there is sufficient substance about either to inform the party on whom it may be served that there is an action instituted against him in court, the name of the plaintiff and the court, and the time when he is required to appear.

Section 6003, R. S. 1881, came into force February 15th, 1859. This section provides that in suits against townships service shall be made upon the township trustee, and that the manner of service shall be by delivering a certified copy thereof to him.

We are not called upon to decide whether or not that part of the said section, so far as it provides for the manner of service, is repealed by implication by the other sections to which we have called attention. One thing is certain, that these several provisions, so far as there may not be a repeal by the later of the earlier ones, are to be construed together; therefore the most that can be said of the service that was made on the appellant is that it was irregular. There was enough in the summons and the service thereof to inform the appellant that an action had been instituted against it in the Tipton Circuit Court, and the term at which it would stand for trial, and who the plaintiffs were. *Freeman* v. *Paul*, 105 Ind. 451; *Quarl* v. *Abbett*, 102 Ind. 233.

There is nothing in the summons, or in the manner of

service, to indicate fraud on the part of the appellees or any one else.

In view of what we held in the former case, and what we have here said, the judgment must be affirmed.

Judgment affirmed, with costs.

Filed March 15, 1890.