### UNITED STATES GRAPHITE CO. v. PACIFIC GRAPHITE CO.

(Circuit Court, E. D. Michigan. May 16, 1895.)

No. 8,000.

1. SERVICE OF PROCESS—OFFICER OF FOREIGN CORPORATION.
    Service of process upon an officer of a foreign corporation casually in the state where the service is made, but where such corporation has no place of business nor agency, is insufficient to confer jurisdiction, though such officer was at the time engaged upon business of the corporation.

2. SAME—MICHIGAN STATUTE—CAUSE OF ACTION ACCRUING IN THE STATE.
    By a contract made in Michigan, defendant agreed to sell to plaintiff certain graphite ore, to be delivered on board the cars at T., in Mexico, and to be paid for in notes payable in Michigan. Held, that a cause of action for nondelivery of the ore arose in Mexico, and gave no right to make service of process in accordance with section 8145, How. Ann. St. Mich., providing for service on foreign corporations where the cause of action accrues within the state.

This is an action of assumpsit to recover damages for the alleged breach of a contract, which the declaration claims was committed in the state of Michigan.

The plaintiff is a corporation organized and existing under the laws of the state of Michigan. The defendant is a corporation organized under the laws of California, and has its office at San Francisco, in that state. It has no office nor agency in Michigan, and none elsewhere than at San Francisco, except an agency in Mexico, where its mines are situated. The suit is upon a written contract between the parties, which is set forth in full in the declaration. The defendant was the owner of certain graphite mines in Mexico, and in 1891, by the contract sued upon, agreed to sell its ore exclusively to the plaintiff. The plaintiff, on its part, agreed to take a certain amount yearly, the ore to be delivered on board of the cars at Torres, in Mexico, consigned to plaintiff. The plaintiff's principal office is at Saginaw, Mich., and payment was to be made for the ore by remitting the amount due in New York exchange within 15 days after the receipt at Saginaw of the bill of lading. At the time of the entering into of the contract, the plaintiff advanced the defendant $6,000, for which it received defendant's promissory notes. The contract provided that out of all payments due on the shipment of ore, five dollars per ton was to be retained by plaintiff, and applied on the defendant's notes. The plaintiff also agreed to erect a factory at Saginaw. The declaration sets up a breach of this contract, in that the defendant did not furnish the ore as agreed, whereby plaintiff has suffered damage in the loss of the money invested in the factory and in employing agents and advertising to promote and establish its business; and, second, in the loss of profits. Service was had upon James O. Roundtree, the president of the defendant corporation, who was casually within this state, and, as it is claimed by plaintiff, in the service of, and attending to the business of, the defendant corpora-

tion. Mr. Roundtree's affidavit shows that he is a resident and inhabitant of the city of San Francisco, Cal., and is president of defendant corporation, and at the time the summons issued in this cause was served upon him he was in the city of Detroit, state of Michigan, for a few days, on business of the corporation. On the 13th of February, 1894, while temporarily here, as aforesaid, Mr. Roundtree was served with the summons in this cause. The defendant, appearing specially by its attorneys for the purpose of the motion, moves the court that the writ of summons, the return of service thereof, and all proceedings in the cause be quashed and held for naught, for the following reasons: "(1) Because the defendant is not an inhabitant of this district, nor was said defendant found therein at the time of the service of said writ. (2) Because said defendant is a foreign corporation, and has never engaged in business within the state of Michigan, so as to be amenable to process issued out of any of the courts of Michigan, either state or national. (3) Because the defendant is a foreign corporation, and the cause of action alleged in the declaration did not accrue within the state of Michigan. The service of process in this cause was made under and in accordance with section 8145, How. Ann. St. Mich., which provides that a foreign corporation may be sued in this state in all cases 'where the cause of action accrues within the state of Michigan.' "

Charles S. McDonald and James H. McDonald, for plaintiff.
Gray & Gray, for defendant.

SWAN, District Judge (after stating the facts). The validity of the service of process is rested upon the construction given to section 8145, How. Ann. St. Mich., by the supreme court of Michigan. It is also necessarily claimed that the plaintiff's cause of action accrued in the state of Michigan. In Shickle, H. & H. Iron Co. v. Wiley Const. Co., 61 Mich. 226, 28 N. W. 77, the court held that, if the officer of the foreign corporation is within the jurisdiction, and served there, such service is valid to bind the corporation, and subject it to the jurisdiction of the court; and the defense that the officer served was not here on the business of the corporation cannot avail the defendant; and that the statute was passed for the purpose of abrogating the rule enunciated by the supreme court of Michigan in Newell v. Railway Co., 19 Mich. 336. The contention of the defendant is that, under the act of congress approved March 3, 1887, and amended August 13, 1888, defining the jurisdiction of courts of the United States, this court is without jurisdiction. The provision of these acts involved is that:

"No civil suit shall be brought before either of said courts against any person, by any original process or proceeding in any other district than that whereof he is an inhabitant, but where the jurisdiction is founded only on the fact that the action is between citizens of different states, suits shall be brought only in the district of the residence of either the plaintiff or the defendant."

It is unnecessary to review at length the authorities bearing upon the sufficiency of this service to confer jurisdiction upon this court. The exact question, since the argument of this cause, has been decided by the supreme court of the United States in an opinion delivered by Mr. Justice Gray in the case of Goldey v. Morning News, 15 Sup. Ct. 559, 156 U. S. 518, in which the defendant had "no place of business, officer, agent, nor property" in the state where process was served. The learned justice says:

"This writ of error presents the question whether, in a personal action against a corporation, which is neither incorporated nor does business within the state, nor has any agent or property therein, service of the summons upon its president, temporarily within the jurisdiction, is sufficient service upon the corporation. * * * It is an elementary principle of jurisprudence that a court of justice cannot acquire jurisdiction over the person of one who has no residence within its territorial jurisdiction, except by actual service of notice within the jurisdiction, upon him, or upon some one authorized to accept service in his behalf, or by his waiver, by general appearance or otherwise, of the want of due service. Whatever effect a constructive service may be allowed in the courts of the same government, it cannot be recognized as valid by the courts of any other government. [Citing authorities.] * * * So the judgment rendered in the court of one state against a corporation neither incorporated nor doing business within the states must be regarded as of no validity in the courts of another state or of the United States, unless service of process was made in the first state upon an agent appointed to act there for the corporation, and not merely upon an officer or agent residing in another state, and only casually within the state and not charged with any business of the corporation there. Insurance Co. v. French, 18 How. 404; St. Clair v. Cox, 106 U. S. 350, 357, 359, 1 Sup. Ct. 354; Fitzgerald & Mallory Const. Co. v. Fitzgerald, 137 U. S. 98–106, 11 Sup. Ct. 36; Railway Co. v. Pinkney, 149 U. S. 194, 13 Sup. Ct. 859; In re Hohorst, 150 U. S. 653, 663, 14 Sup. Ct. 221. * * * The jurisdiction of a circuit court of the United States depends upon the acts passed by congress pursuant to the power conferred upon it by the constitution of the United States, and cannot be enlarged or abridged by any statute of a state."

In that case the suit had been originally commenced in the state court, and was removed to the circuit court of the United States, where the defendant appeared specially by its attorneys for the purpose of applying for an order setting aside the summons and the service thereof, filed a motion, supported by affidavits of its president and of its attorneys, to set aside the summons and the service thereof on the ground "that the said defendant, being a corporation organized under the laws of the state of Connecticut, and transacting no business within the state of New York, not having any agent clothed with authority to represent it in the state of New York, cannot legally be made a defendant in an action by a service upon one of its officers while temporarily in said state of New York." The cases cited in the opinion of the court, and the extracts therefrom given above, are decisive of the first and second grounds of this motion.

James O. Roundtree, the president of the defendant company in this cause, was not a resident agent of the corporation, for it had none such in Michigan; and if it be conceded that, while temporarily here, at the time of the service made upon him, he was engaged in negotiations concerning the business of the company, this is not sufficient to subject the defendant to the jurisdiction of any court in this state by reason of service made upon him. See, also, Golden v. Morning News, 42 Fed. 112; Good Hope Co. v. Railway Barb Fencing Co., 22 Fed. 635; Reifsnider v. Publishing Co., 45 Fed. 433; U. S. v. American Bell Tel. Co., 29 Fed. 17, 34.

3. The third ground of the motion presents the question of the effect of the words, "where the cause of action accrues within the state of Michigan." The statutory method of service authorized by section 8145, supra, is conditioned upon the existence of this fact.

It is only in cases where the cause of action accrues within this state that any right is given to a plaintiff to subject a foreign corporation, which has not consented to be sued here, to the jurisdiction of the courts of the state. In the case at bar it clearly appears from the declaration that the cause of action arose in Mexico, at the place where the defendant was obliged, by the contract, to ship the ore which it had contracted to furnish to plaintiff. By the terms of the contract, the notes of the defendant, given for the advance of $6,000 made to defendant by plaintiff, were payable out of the proceeds of the shipments of ore there to be made by defendant to plaintiff. It is plain that the contract was broken at the place where the defendant failed to ship the ore. The fact that the contract was made here, and the notes were payable here, cuts no figure in determining the place of breach. The undertaking of the defendant was to sell to the second party "all the graphite ore which can be produced from such mines, and also all the graphite ore which can be produced from any other graphite mine or mines which the first party may hereafter acquire, and the amount that the second party may call for or require, for and during the period of ten years from this date, and deliver the same on board the cars of the railroad at Torres, state of Senora, Mexico, billed and ready for shipment to said second party at Saginaw, Michigan." It is true, without doubt, that generally an action for a breach of contract is transitory, and, in the absence of statutes or rules of court to the contrary, may be brought in almost any jurisdiction where the defendant may be found; but this elementary doctrine affords no aid in maintaining our jurisdiction in this cause. The controlling fact for ascertainment is that expressed in the statute, viz. the locality of the breach. Unless the contract has been broken here, there is no authority of law for the statutory service upon which the plaintiff rests the institution of this suit. Maxwell v. Railroad Co., 34 Fed. 286. In that case an action of trespass upon the case was brought to recover damages for the expulsion of plaintiff from one of defendant's passenger cars within the state of Kansas. The plaintiff, a citizen of Michigan, was traveling on a ticket bought from the Wabash Company here for transportation to Denver and return. He was ejected from the train upon the return trip. Upon these facts, Judge Brown held that the cause of action arose under section 8145, How. Ann. St. Mich., "not where the contract is made, but where it is broken; and that, as the expulsion of the plaintiff took place in the state of Kansas, the cause of action must be deemed to have arisen there." There is no apparent distinction between this case and that of Maxwell v. Railroad Co., supra, as to the locality of the breach of contract. The motion to vacate the service of process must be granted.