Rush *et al. v.* Foos Manufacturing Company.

Rush et al. *v.* Foos Manufacturing Company.

[No. 2,528.    Filed June 29, 1898.]

Plea in Abatement.—*Appeal and Error.—Assignment of Error.— Sufficiency of Complaint.*—A demurrer to a plea in abatement does not reach the record, and cannot be carried back and sustained to an insufficient complaint, and the sufficiency of the complaint cannot be considered on appeal on an assignment of error based upon the action of the court in overruling such demurrer.    *pp. 517-519.*

Same.—*Dilatory Pleas.*—A plea in abatement is a dilatory plea, and is not regarded favorably by the courts.    *p. 519.*

Process.—*Nonresident Corporations.—Jurisdiction.*—Under the provisions of sections 313 and 316, Horner's R. S. 1897, the court ac-

quires jurisdiction of a cause of action arising in this State against a foreign corporation doing business in this State, by service of process upon its superintendent who at the time was in this State as the agent and representative of the corporation, and engaged in the transaction of business for it, although a resident of another state. *pp. 519-534.*

From the Marion Superior Court. *Reversed.*

*William A. Ketcham* and *Frederick E. Matson,* for appellant.

*J. E. Scott* and *Albert Rabb,* for appellee.

WILEY, J.—Appellants sued appellee to recover damages for the alleged failure of a warranty, made by appellee to appellants, upon a cob-grinding machine purchased by the latter from the former. Summons was issued and served on J. F. Winchell, superintendent of appellee. Appellee appeared specially and moved to quash the return to the summons, which motion was overruled. Appellee, still appearing specially, filed its plea in abatement. In this plea it was averred that appellee was a corporation organized and existing under the laws of Ohio; that its principal office was in Clarke county, Ohio; that it was not, and is not incorporated in Indiana; that it did not and does not now, maintain any office in Indiana, and that its officers were then and now are, nonresidents of the State of Indiana, and did then and do now, reside in Springfield, Ohio; that said Winchell, upon whom said summons was served, was not at the date of said service, nor has he since been a resident of Indiana, and that he did then and does now, reside in Ohio; that he was then and is now an employe of appellee under the title of superintendent; that he is called superintendent because he has general supervision of the mechanical departments and processes,— the appellee being engaged in the manufacture of certain agriculturual implements, etc.; that when said summons was served, said Winchell was temporarily

Rush *et al. v.* Foos Manufacturing Company.

in Indianapolis, Indiana, but was not then or at any time during his temporary stay in Indiana engaged in the transaction of business for appellee, in any manner connected with the cause of action mentioned in the complaint.

The appellants demurred to the plea in abatement on the ground that it did not state facts sufficient to abate the action, which demurrer was overruled. Appellants elected to stand on the demurrer, and suffered judgment against them for costs. The ruling on the demurrer is the only error assigned. It is urged by appellee that the complaint does not state any cause of action against it, and hence if it was error to overrule the demurrer to its plea in abatement, such error is harmless. Such a rule does prevail in this State, but it is not applicable here, for the reason that as the record comes to us we can not determine the sufficiency of the complaint. The rule is firmly established in this State that the appellate tribunal will not consider any question on appeal that has not been presented to the lower court for its ruling. To this general rule there is an exception, and that is where issues have been made and the sufficiency of the complaint has not been tested by demurrer, the cause tried on its merits and judgment pronounced, then on appeal, by proper assignment of error, this court may pass upon the sufficiency of the complaint. After pleading to the merits of a cause, the sufficiency of the complaint is, until its final disposition, before the court; but where there has been no pleading to the merits of a cause, but only a plea in abatement which challenges the jurisdiction of the court as to the person of the defendant, the sufficiency of the complaint is not thereby presented to the court below, either directly or indirectly.

If the rule prevailed for which appellee contends, it

would indeed be summary, and might in many instances work great hardships and harsh injustice. No difference how meritorious his right of action, if he had by oversight or otherwise, failed to state a cause of action, he would thus be deprived of the liberal and wholesome rule to answer, recognized in this State by the statute and the courts. Where a defendant has answered as to the merits of a cause, and his answer is attacked by a demurrer, such demurrer reaches the entire record, and may be carried back to the complaint, and the complaint declared insufficient, and the plaintiff, within such time as the court may prescribe, amend his complaint. But not so here. A demurrer to a plea in abatement does not reach the record, and can not be carried back and sustained to an insufficient complaint, and as there is no cross-error assigned here, calling in question the sufficiency of the complaint, we can not consider it. This exact question has been decided in this and in other states. A plea in abatement is not addressed to the complaint, and this is reason enough why a demurrer to it can not be carried back to the complaint. In 6, Enc. Plead. Prac., page 332, it is said: "A demurrer to a plea in abatement, or to an answer in abatement, as it is sometimes called, does not reach defects in a declaration." *Crawford* v. *Slade*, 9 Ala. 887; *Rogers* v. *Smileg*, 2 Porter (Ala.) 249; *Knott* v. *Clements*, 13 Ark. 335; *Wade* v. *Bridges*, 24 Ark. 569; *Vaden* v. *Ellis*, 18 Ark. 359; *State* v. *Hamlin*, 47 Conn. 118, *Ryan* v. *May*, 14 Ill. 49; *Price* v. *Grand Rapids, etc., R. R. Co.*, 18 Ind. 137; *Indiana, etc., R. W. Co.* v. *Foster*, 107 Ind. 430; *Anderson Building, etc., Ass'n* v. *Thompson*, 88 Ind. 405; *Clifford* v. *Cony*, 1 Mass. 500; *Dean* v. *Boyd*, 9 Dana (Ky) 171; *Shaw* v. *Dutcher*, 19 Wend. (N.Y.) 216; *Ellis* v. *Ellis*, 4 R. I. 110; *Myers* v. *Irwin*, 20 Ohio 381. In *Indiana, etc., R. W. Co.* v. *Foster, supra*, there was

Rush *et al. v.* Foos Manufacturing Company.

a plea to the jurisdiction of the court, to which a demurrer was filed and overruled.  On appeal, appellant insisted that the complaint was not good, and asked the court to carry the demurrer to the plea in abatement back to the complaint.  The court by Zollars, J., said: "The sufficiency of the complaint was not questioned below by demurrer, nor by motion to arrest the judgment; nor is its sufficiency questioned in this court, except by the assignment that the court below erred in not carrying the demurrer to the plea back, and sustaining it to the complaint.  It is a sufficient answer to this assignment of error to say that demurrers to answers in abatement do not reach back to the complaint, because such answers are not addressed to the complaint."  See, also, *Price* v. *Grand Rapids, etc., R. R. Co. supra,* and *Anderson Building, &c., Assn.* v. *Thompson, supra.*

We come now to the only question properly presnted by the record, and that is the sufficiency of the pea in abatement.  The real question is, does the plea in abatement state facts sufficient to show that the Marion Superior Court did not acquire jurisdiction over appellee?  If it does, then the court correctly sustained the demurrer.  A plea in abatement is a dilatory plea, and it is not regarded favorably by the courts.  It must be definite and certain, and nothing can be supplied by intendment or construction.  The plea must not only state facts necessary to the answer, but must also anticipate and exclude all such supposable matter as would, if alleged, on the opposite side, defeat his plea.  In 1 Chitty Pl. 473 (16 Am. ed.), it is said: "As pleas in abatement do not deny and yet tend to delay the trial of the merits of the action, great accuracy and precision are required in framing them.  They should be certain to every intent."  In Stephen Pl. 35 (9 Am. ed.) it is said:  Dilatory pleas are re-

garded unfavorably by the courts as having the effect
of excluding the truth, and therefore they "must be
certain in every particular; which seems to amount
to this, that they must meet and remove by anticipa-
tion every possible answer of the adversary." And at
page 431, it is said: "The plea must, at the same time,
correct the mistake, so as to enable the plaintiff to
avoid the same objection, in framing his new suit or
declaration."

Gould on Pl., in speaking of the certainty required
in pleas in abatement, says: "Certainty of the third
sort, or 'to a certain intent in every particular,' re-
quires the utmost fullness and particularity of state-
ment, as well as the highest attainable accuracy and
precision, leaving, on the one hand, nothing to be sup-
plied by intendment or construction; and on the other
no supposable special answer unobviated. The rule
requiring this degree of certainty, is a rule not of 'con
struction' only, but also of 'addition'; that is, it re
quires the pleader, not only to answer fully what is
necessary to be answered; but also to anticipate and
exclude all such supposable matter, as would, if al-
leged on the opposite side, defeat his plea." Goulds
Pl. sec. 57. These elementary rules as to pleas n
abatement have been adopted and carried into our u-
risprudence by the courts. *Board, etc.,* v. *LaFayette, &c.,
R. R. Co.,* 50 Ind. 85, 117; *Kelly* v. *State,* 53 Ind. 21;
*Needham* v. *Wright,* 140 Ind. 190. It will be obsered
that in the plea in abatement, it is not denied thathe
cause of action did not arise in this State; neither oes
it deny that the appellee corporation has proprty
within this State; nor is there any averment thatt is
not doing business in the State where jurisdictiorwas
sought to be acquired, and lastly, it is not deniethat
the officer of appellee, upon whom service washad,
was at the time within the State as the agent ar rep-

resentative of appellee, and engaged in the transaction of business for it. It is averred that he was not here "engaged in the transaction of business for this defendant in any manner connected with the cause of action mentioned in the complaint." We must, under the well established rule, construe this pleading most strongly against the pleader, and in determining whether or not there was error in the ruling on the demurrer to the plea in abatement, we must assume that all these enumerated facts, so far as they may benefit the appellant, to be true. There are several statutory provisions regarding service upon persons and corporations, and primarily we must look to them as a guide in determining whether the service in this case, comes within their purview.

Section 313, Horner's R. S. 1897, is as follows: "Actions may be brought against a corporation created by or under the laws of any other state, government, or county, in any court having jurisdiction of the amount demanded, by any person having a cause of action, in any county within the State where any property, credits or effects belonging to or due to the corporation may be found." Section 313a, Horners' R. S. 1897, is as follows: "Any action against a corporation may be brought in any county, where the corporation has an office for the transaction of business, or any person resides upon whom process may be served against such corporation unless otherwise provided in this act." Section 316, Horner's R. S. 1897, provides for service of process upon domestic or foreign corporations, and among other things it is provided that "in case the defendant be a foreign corporation, having no such person, officer or agent, resident in the State, service may be made in the same manner as against other nonresidents."

The section just cited is lengthy, and we need not

set it out in full. It designates three classes of persons upon whom process may be served: First, chief officers of the corporation; second, secondary officers; and third, any person authorized to do business for the corporation. *Toledo, etc., R. W. Co.* v. *Owen*, 43 Ind. 405.

It seems to us that in determining the question we are now considering, the several statutory provisions we have above quoted should be construed together. Section 313a, *supra*, was a part of the civil code of 1852, being section 796, code of 1852, but was omitted in the revision of 1881. In the subsequent revisions, however, it has been carried forward, but in *Globe Accident Ins. Co.* v. *Reid*, 19 Ind. App. 203, this court held that it was repealed by the act of 1881, overruling the case of *Evansville, etc., R. R. Co.* v. *Spellbring*, 1 Ind. App. 67, holding to the contrary. Thus we are left to consider sections 313 and 316, *supra*.

Under section 313, *supra*, actions against a foreign corporation may be brought "in any court having jurisdiction of the amount demanded, * * * in any county within the State, where any property, moneys, credits or effects belonging or due to the corporation may be found." There is no pretense but what the Marion Superior Court had jurisdiction of the amount demanded, and as there is no showing to the contrary by the plea in abatement, that the appellee corporation did not have any property, moneys, credits or effects, etc., and if necessary we might assume under the strict rules of construction applicable to pleas of this character, that it did have such property, etc., and hence it was subject to be sued in such county. To properly bring appellee into court, summons had to be served upon some one, who was connected with it in an official capacity. One of such persons was its superintendent, and summons was served upon him, and the return shows that he was the highest officer of ap-

pellee corporation, within the bailiwick of the officers making the service.

Turning now to section 316, *supra*, we find that process can be served upon either a domestic or foreign corporation on certain of its officers, etc. If none of the officers enumerated in this section can be found, then service can be made upon any person authorized to transact business in the name of such corporation. Again, it is provided that "in case the defendant be a foreign corporation, having no such person, officer or agent, resident in the State, service may be made in the same manner as against other nonresidents." It cannot be denied, and especially it is not denied in appellee's plea in abatement, that a general superintendent of a corporation is an officer of such corporation, and authorized to transact business in its name.

As we have before said, we must assume from the plea itself that Winchell was authorized to transact business for his corporation, and that he was in this jurisdiction for that purpose. So that we find that in the case before us, the service upon Winchell comes within both the spirit and letter of the statute, providing that service may be had upon certain officers of a corporation and any one authorized to transact business for it. Then by the latter clause of the section, where a defendant is a foreign corporation, and there is no such officer, etc., resident of the State, "service may be made in the same manner as against other nonresidents." Alderson on Judicial Writs and Process, p. 202, says: "Under the common law, jurisdiction could not be acquired over a foreign corporation by the service of process on one of its officers. . But under statute a foreign corporation may be subjected to the jurisdiction of the courts of a state by personal service on the proper officer, and such service is equivalent to a personal service on a nonresident natural

person. No attachment of property is necessary."
This doctrine seems to rest on sound principle, and is
sustained by the authorities. *Barnett* v. *Chicago, etc.,
R. R. Co.*, 4 Hun (N. Y.) 114; *Weymouth* v. *Washington,
etc., R. R. Co.*, 1 MacArthur 19. The case last cited is
a very pointed one. There appellee corporation was
created by an act of the Virginia legislature, and by
an act of congress was allowed to run its road into the
District of Columbia. It borrowed a sum of money in
New York, through the agency of its treasurer, and
default in payment having been made, suit was com-
menced in the supreme court of New York, by service
of process upon its secretary, who was found there,
and judgment rendered for the amount due. An ac-
tion was commenced in the supreme court of the Dis-
trict of Columbia upon a transcript of the judgment
procured in New York. It was held that the corpora-
tion having contracted the debt in New York, the
court there obtained complete jurisdiction, by such
service, and that the judgment there obtained was en-
titled to the same conclusiveness in the District of
Columbia as in the state where it was rendered.
Again, at page 202, the same author says: "Corpora-
tions are artificial persons, existing only in contem-
plation of law. They must dwell in the place of their
creation, and cannot migrate to another state. But
they may be sued like natural persons, in transitory
actions arising *ex contractu*, or *ex delicto*, in any state
where legal service of process may be had." And so
in Mississippi it has been held. *New Orleans, etc., R. R.
Co.* v. *Wallace*, 50 Miss. 244.

In Illinois it has been held that if the act authoriz-
ing service of process upon corporations applied to
foreign corporations at all, it did not authorize the
service of process issued in favor of a nonresident on
an officer of a foreign corporation, if he came into the

Rush *et al. v.* Foos Manufacturing Company.

state as an individual only. This rule is eminently correct, for as above said, a corporation cannot migrate to another state, and if one of its officers goes into another state merely as an individual, while there he has no official connection with or is no part of such corporation. But in the same case it was held that the rule is different where such foreign corporation does business in another state, has property there, and an officer or an agent charged with such business. In such case the corporation may be sued in a state other than in the state where it is created and has its legal existence.

*Midland Pacific R. W. Co.* v. *McDermid,* 91 Ill. 170. Where an officer or an agent of a corporation is in another jurisdiction, representing such corporation and transacting business therein, it thereby submits itself to the jurisdiction of the courts, may be sued therein and service had upon such officer or agent. *Midland Pacific R. R. Co.* v. *McDermid, supra; Porter* v. *Sewall Car-Heating Co.,* 7 N. Y. Supp. 166; *Silsbee* v. *Quincy Hotel Co.,* 30 Ill. App. 204. Alderson on Judicial Writs and Process, at page 201, says: "A corporation doing business in a state other than where it was incorporated becomes subject to the jurisdiction of the courts of the former state, and process against it may be served on its officer or agent." *City Fire Ins. Co.* v. *Carrugi,* 41 Ga. 660; *Western Union Tel. Co.* v. *Pleasants,* 46 Ala. 641.

In *Globe Accident Ins. Co.* v. *Reid, supra,* on a petition for rehearing, this court by Black, J., said: "A corporation organized under the laws of one state, and doing business in another state, becomes liable to be sued and served in the latter state, not merely where the action relates to business done therein, but also in transitory actions arising in another state. A corporation is not regarded as a citizen of a state

within the meaning of the constitutional provision that the citizens of each state shall be entitled to all the privileges and immunities of citizens of the several states; and a state may impose conditions, not in conflict with the laws and constitution of the United States, on the transaction of business within its territory by corporations chartered elsewhere, or may exclude them, or revoke permission or license already given. A corporation chartered in one state by doing business in another state, where, as a condition expressed or implied to its right to do business there, it must submit to be sued in the courts of such other state, waives the right to be sued in the place of its residence, the right of trial within the state, district or county of one's residence being a privilege which may be waived. It is not necessary that such a condition to the right of doing business be expressly stated in the statute, though this is sometimes done. If there be a statutory provision for service of summons upon a foreign corporation by serving its officers or agents through which it is doing its business in the state where the transitory action is brought, then there is an implied condition that the corporation, while operating in such state, shall submit to the jurisdiction of its courts upon such service; and while it so does business by such officers or agents it waives thereby objection to jurisdiction in *personam* acquired by service on them. In such case, though the corporation resides in the state of its creation, it is 'found' in the state where it is so sued and served. See *United States* v. *American Bell Tel. Co.*, 29 Fed. 17; Works, Courts and Jurisdiction 43; Elliott, on Railroads 621; Thomp. Corp. 8019 *et seq.*" A corporation is an artificial person. As was said in *Davis* v. *Steuben School Tp.*, 19 Ind. App. 694. "It exists only by virtue of statute. It is an impersonal something. It is without knowledge,

action or existence save in law. It can only act by and through its legal officer and representative." And as was said in *Globe Accident Ins. Co.* v. *Reid, supra*: "The legal situs of a corporation, its residence, for purposes of jurisdiction need not be so confined, however, but may by statutory provision be in any place where its franchises are exercised or business is done, or wherever it has an agent on whom process may be served. A corporation is necessarily represented by its officers and agents. A law which authorizes suit to be brought against a corporation in any county in which it transacts business through its agents has been said to be based upon sound reasons growing out of the difference between natural and artificial persons. *Home Protection, etc.,* v. *Richards,* 74 Ala. 466; *Mobile Life Ins. Co.* v. *Pruett,* 74 Ala. 487."

The statute in this State provides for service of process, both upon domestic and foreign corporations, and also where actions against them may be commenced. It was certainly not the intention of the legislature to confer greater privileges upon foreign than upon domestic corporations. The former are permitted to do business in this State, and it is an equitable rule that they should submit themselves to the jurisdiction of our courts in return for the reciprocal right to transact business within our borders. It is the general rule, recognized everywhere, that a natural person shall only be sued in the immediate county, or local jurisdiction of his citizenship, and this rule is applicable alike to every citizen. Yet if a citizen of Ohio comes into our State, he may be sued in any county where found, and upon personal service of summons upon him, a judgment in *personam* may be rendered against him. Sec. 312 Horner's R. S. 1897; *Reed* v. *Browning,* 130 Ind. 575.

Why is not this rule as applicable to foreign artifi-

cial persons as to foreign natural persons, and what good reason is there why the rule should not be strictly enforced?    We are unable to see any, and especially is this true in the view of the broad and liberal statutory provisions we have quoted.  When Winchell, appellee's superintendent, was within the jurisdiction of the lower court, engaged in the transaction of its business, appellee itself was there, for as we have seen, a corporation can only act by and through its officers and authorized agents.

A foreign corporation is protected in all of its rights by the laws of this State, when it complies with such laws.    It may transact business here; it may seek the forum of our courts to enforce its rights and collect debts due it, and it is sound reason that it should be held responsible in the same tribunals which it uses for its own benefit for obligations and liabilities here incurred.    In other words if it comes within our jurisdiction to transact business for its own profit and benefit, it must in like manner respond in our courts to demands against it, accruing to our citizens arising out of its business here contracted.    And we believe this to be the prevailing doctrine.    In *National Condensed Milk Co.* v. *Brandenburgh,* 40 N. J. L. 111, it was said: "Since the case of *Moulin* v. *Ins. Co.,* 4 Zab. 222, and 1 Dutcher 57, it must be regarded as the settled law of this court, that if a corporation makes a contract in a state other than that in which it was chartered, it thereby submits itself to the jurisdiction of such foreign sovereignty so far as to be liable to suit therein in regard to that contract, when summoned according to the laws of the state."  Mr. Justice Drummond, of the United States Circuit Court, in *Wilson Packing Co.* v. *Hunter,* vol. 11 Chicago Legal News, and also reported in 8 Central Law Journal, 333, 7 Reporter 455, said: "Now, in the case of Harris, reported

in 12 Wallace, the only ground upon which the court took jurisdiction of the case was under the acts of Congress. The Baltimore and Ohio Railroad was authorized to construct a railroad within the District of Columbia, the service of process was upon the president of the company, he was found within the district; the person, the corporation, was there through its president, and it was the only way that the court could by any possibility take jurisdiction. The person, the defendant, the corporation, must be found within the district in order that the court may have jurisdiction, and it was found there in consequence of the acts of Congress which authorized it to construct a branch road within the district, and because the president was within the district. At the time the writ was thus served there was no act of Congress authorizing suits against corporations doing business in the district, and of course no act which authorized service of process upon foreign corporations, though the court took jurisdiction of the case as I have said on the ground that the corporation was there found." * * * Continuing the learned judge, speaking about foreign corporations doing business in states other than those where they are chartered, said: "When they attempt to do business within the state, they come within the limits of our state, they are protected by our laws when they transact business within our territory, and are they then not to be subject to suits against them? Ought they to be permitted to come here, to make contracts, to do may be all their business here by virtue of the law of another state, and then say they cannot be sued in our state because their corporation is within another, a sister state? I do not think that it is reasonable or right. They come, they ask the protection of our laws. They transact business

under the protection of those laws, and they ought to be liable to the burdens as well as the benefits of the laws. One of the burdens, I think, is liability to be sued." This is strong and pointed language, and is entitled to great weight, and serious consideration.

Remembering that the case cited from 12 Wallace and the case from which we have just quoted, the jurisdiction was sustained in the absence of statutory enactment providing for service of process upon foreign corporations, how much more forcible the rule where such provision is made by statute, as in this State. In 22 Am. and Eng. Enc. Law, p. 118, speaking of statutes relating to service of process on corporations, it is said: "It has been decided that since the object of such statutes is merely to carry out the principle that no proceeding may be had against the defendant until due notice has been given him, a service which virtually accomplishes this object will not be held invalid, if the statute is capable of a double construction." *St. Louis, etc., R. W. Co.* v. *Yocum,* 34 Ark. 493; *Ghiradelli* v. *Greene,* 56 Col. 629; *Cicero Tp.* v. *Shirk,* 122 Ind. 572; *Nye* v. *Burlington, etc., R. R. Co.,* 60 Vt. 585, 11 Atl. 689 ; *Pope* v. *Terre Haute, etc., Mfg. Co.,* 87 N. Y. 137. It has also been held that such statutes, being of a remedial nature, are to receive a liberal construction. *Peoria Ins. Co.* v. *Warner,* 28 Ill. 429; *Pope* v. *Terre Haute, etc., Mfg. Co., supra; Cincinnati, etc., R. R. Co.* v. *McDougall,* 108 Ind. 179.

So far as we have been able to investigate, we do not find any state having statutory provisions identical to ours, in regard to service upon corporations. This being the case, there is no case in other states construing like provisions. We do not find, however, any state with broader or more liberal provisions than our own. But touching the modern tendency toward

extending jurisdiction, and the liberal manner in which courts construe statutes relating to jurisdiction, we cite the *Galveston City R. R. Co.* v. *Hook,* 40 Ill. App. 547, in which it is said: "To be found within the State, a foreign corporation must have sent its agent, on whom service is made, to the State to conduct its business therein, either continuously or for a time, so as to complete a transaction or an enterprise, or at least charged with the duty of making a particular contract in the State, or negotiating therein for the company." *Klopp* v. *Water Works Co.,* 34 Neb. 808, 52 N. W. 819, is a case directly in point. There appellee was a corporation organized and acting under the laws of Iowa. Action was commenced against it in Douglas county, Nebraska, and summons was served on one Soper, vice president, while temporarily in that county. The appellee appeared specially and filed a plea to the jurisdiction of the court, in which plea it was averred: First, that it was a foreign corporation; second, that it had no office of any kind nor any property, nor any managing or other agent in the state of Nebraska at the time of the institution of the action, nor had not since; third, that the said Soper, upon whom process was served, was at the time and ever since, has been and now is, a resident of the state of Illinois, and a nonresident of the state of Nebraska, and was but temporarily in and passing through the county of Douglas, when such service was had upon him.

After quoting the statute which authorizes service of process upon certain officers of a foreign corporation, the court said: "Now, suppose a foreign corporation comes into this State and purchases goods to be paid for here, must the seller go into another state or perhaps to a foreign country to recover for the same? This is true if service cannot be had upon the

corporation in the State, then the seller must bring his action where service can be had. But a person who has authority to contract a debt for the corporation within the state, is so far the managing agent within the state, that service may be had upon him for that debt, that will bind the corporation. The agent is commissioned to contract the debt, and the corporation thereby secures the benefit of his services. It must also take the burden of being liable to an action therefor. It will be observed that neither the motion nor the affidavit negative the fact that the debt was contracted here, or that Soper was the managing agent in this state." The plea was held bad. It will be observed that the plea in the case just cited is much stronger than in the case before us, in that it contained an express denial that the appellee had property or was doing business in the state. See, also, *Porter* v. *Chicago, etc., R. W. Co.*, 1 Neb. 14; *Chicago, etc., R. R. Co.* v. *Manning*, 23 Neb. 552, 37 N. W. 462; *Iron Co.* v. *Construction Co.*, 61 Mich. 226, 28 N. W. 77; *Cunningham* v. *Southern Express Co.*, 67 N. C. 425; *Hester* v. *Fertilizer Co.*, 33 S. C. 610,.2 S. E. 563; *Merchants' Mfg. Co.* v. *Grand Trunk R. W. Co.*, 63 Howard, Pr. 459; *Porter* v. *Car Heating Co.*, 7 N. Y. Supp. 166; *Hiller* v. *Burlington, etc., R. R. Co.*, 70 N. Y. 223; *Pope* v. *Terre Haute, etc., Mfg. Co.*, *supra.*

Judge Baker, of the United States Court for the district of Indiana, has recently passed upon the question we are now considering, in the case of *Scofield* v. *Peter Scheonhoffer Brewing Co.* The case is not reported, but the facts are substantially as follows: Scofield sued the Brewing Company in the Elkhart Circuit Court, to recover for alleged personal injuries. Summons was served upon one Howe, as the agent of

Rush *et al.* *v.* Foos Manufacturing Company.

the company, and the return showed that there was no officer of the company superior in rank found, upon whom service could be had. The case was removed to the Federal Court where a motion was made to quash and set aside the summons and the sheriff's return. The brewing company was a foreign corporation; did not have any office or place of business for the transaction of business in Indiana; that it did not transact business in said State except as it received orders by mail, or obtained orders in said State by and through its traveling salesmen, who went from Chicago, Illinois, where said company was organized and had its office; that said company did not and never had any agents residing in this State; that the only agents it ever had in this State were traveling salesmen temporarily going from place to place, whose sole authority was to solicit and procure orders for the products of the said company; that said Howe was such salesman, and that he had his residence in Chicago, and his sole authority was as just stated; that when said summons was served on him, he was at Elkhart, Indiana, temporarily, for the sole purpose of soliciting and procuring orders for said company. Upon these facts, which were found specially, the court stated its conclusions of law, that the service of summons so made on said Howe was sufficient to give the Elkhart Circuit Court jurisdiction over said company.

This is the strongest case we have found, and while, in our judgment, the rule announced is carried to the very border line and extreme limits, it is entitled to much weight, coming as it does from one so profoundly learned in the law, and one who has had such a long experience, both as a lawyer and a judge. We do not feel like closing this opinion without remarking that there are some courts of high standing, that have not carried the rule so far as expressed herein, and

others which have held to the contrary; but after a deliberate consideration and exhaustive review of all the authorities, the conclusion we have reached is in harmony with the great weight of the decided cases, and is correct upon sound principle. The judgment is reversed, with instructions to the court below to sustain the demurrer to appellee's plea in abatement, and for further proceedings not inconsistent with this opinion.